IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:18-cv-00612-RJC-DSC

WILL SUMMERS, JR. a/k/a WILLIE SUMMERS,

    Plaintiff,

v.

CITY OF CHARLOTTE,

    Defendant.

**ORDER**

**THIS MATTER** is before the Court on "Defendant's Motion to Strike Portions of Plaintiff's Amended Complaint" (document # 4) and the parties' briefs and exhibits.

This Motion was referred to the undersigned on August 14, 2019.

The Court has carefully reviewed the authorities, the record and the parties' arguments. Defendant moves to strike the following portions of Plaintiff's Amended Complaint:

 a. Paragraphs 14-30 which contain historical allegations dating from the 19th century through 2001;

 b. Paragraphs 47-49 and 54-56 which allege "upon and information belief" unethical conduct by former Chief Hannan, the City Manager, City Attorney, and City Council;

 c. Paragraphs 39, 130, 222-23, and 228-311 referencing the closed case of <u>Crystal Eschert v. City of Charlotte</u> along with reports prepared related to that case; and

 d. Plaintiff's request for injunctive relief in Paragraphs 259-60, 288-89, 339-40, and 377-78 and references in Paragraphs 261, 290, 341, and 379 to "declaratory and injunctive relief."

A court may strike "an insufficient defense or any redundant, immaterial, impertinent, or

1

scandalous matter" from a pleading. Fed. R. Civ. P. 12(f).  Though generally disfavored, courts have broad discretion in ruling on motions to strike. Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001); see Brown v. Inst. For Family Centered Servs., Inc., 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005) ("Motions to strike are viewed with disfavor and are granted only for egregious violations. Thus, before a motion to strike will be granted the allegations must be the type envisioned by the rule and prejudicial.") (citations omitted).  "The issue before the Court on a Rule 12(f) motion is not whether evidence is admissible, but whether it is immaterial, impertinent, and scandalous." Fender v. Biltmore Forest Country Club, Inc., 2018 WL 1995532, at *1 (W.D.N.C. April 27, 2018) (quoting Lane v. Endurance Am. Specialty Ins. Co., No. 3:10-CV-401-MOC-DCK, 2011 WL 1343201, at *2-*3 (W.D.N.C. April 8, 2011)).

Applying those legal principles, the Court concludes that the historical allegations (Paragraphs 14-30), the "information and belief" allegations of unethical conduct (Paragraphs 47-49 and 54-56) and the Eschert case references (Paragraphs 39, 130, 222-23, and 228-311) are immaterial, impertinent, and scandalous.  Accordingly, the Motion to Strike is **GRANTED** as to those paragraphs which are **STRICKEN** from the Amended Complaint.

A Motion to Dismiss rather than a Motion to Strike is the appropriate mechanism for challenging Plaintiff's allegations related to equitable relief.  The Motion to Strike is **DENIED** as to Paragraphs 259-61, 288-90, 339-41, and 377-79.

The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: August 14, 2019

_____
David S. Cayer
United States Magistrate Judge