IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00612-RJC-DSC

| | |
|---|---|
| WILL SUMMERS JR. et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CITY OF CHARLOTTE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on "Plaintiffs' Seventh Motion to Compel or in the alternative for In Camera Review" (document # 93).

Plaintiffs seek to compel production of minutes from the City Council's March 28, 2016 closed session. These minutes were the subject of the Court's June 17, 2021 "Order" requiring Defendant to produce them or "[i]f Defendant contends that any responsive documents fall within the attorney-client privilege, it will produce a privilege log." Document #82.

Defendant produced a privilege log identifying the minutes but stating only "Attorney Client and/or Attorney Work Product" as a basis for the privilege. The privilege log did not identify the allegedly privileged communications that occurred during the meeting nor the speaker or author.

In its brief, Defendant contends that:

> The minutes of the open portion of the meeting indicate that City Council entered the closed session to consider a personnel matter. However, during the closed session, City Council members solicited legal guidance from City Attorney Bob Hagemann. Therefore, the communications are attorney-client communications protected from disclosure in this litigation by the attorney-client privilege.

Document #100 at 3.

For the reasons stated in Plaintiffs' briefs, the Court finds that Defendant did not assert attorney-client privilege in a timely manner and thus waived it.

The Open Meeting Law and Public Records Act provides that any attorney-client privilege available to a public entity expires three years after the communication was made. N.C. Gen. Stat. § 132-1.1(a); News & Observer Pub. Co., Inc. v. Poole, 330 N.C. 465, 471, 412 S.E.2d 7, 11 (1992) (finding the only exception to the mandate of public access to public records are "written statements to a public agency, by any attorney serving the government agency, made within the scope of the attorney-client relationship" and that "even those communications shall become public records subject to disclosure three years after the communication was received by the public agency"); MLC Automotive, LLC v. Town of Southern Pines, No. 1:05cv1078, 2007 WL 128945, at *7 (M.D.N.C. Jan. 11, 2007) ("Finally, the privileged communications are protected for only three years, after which they become public records.") Under the Public Records Act, statements made by a public entity to its attorney are not protected by attorney-client privilege. Poole, 330 N.C. at 483, 412 S.E.2d at 17 ("Under this definition only those portions of the Poole Commission meeting minutes revealing written communications from counsel to the Commission are excepted from disclosure under the Public Records Act"); N.C. Gen. Stat. § 132-1.1(a).

Here, the oral communications at issue were made over five years ago and any privilege has expired.

For those reasons and the other reasons stated in Plaintiffs' briefs, the Motion is granted.

**IT IS THEREFORE ORDERED** that:

1. "Plaintiffs' Seventh Motion to Compel or in the alternative for In Camera Review" (document # 93) is **GRANTED**. Within ten days of this Order, Defendant shall produce the minutes from the City Council's March 28, 2016 closed session.

2. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr..

**SO ORDERED**.

Signed: October 5, 2021

David S. Cayer
United States Magistrate Judge