IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00612-RJC-DSC

| | |
|---|---|
| WILL SUMMERS JR et. al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>CITY OF CHARLOTTE, )<br>)<br>Defendant. ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

**THIS MATTER** is before the Court on "Plaintiffs' Second Motion for Sanctions Seeking Default Judgment" (document # 117) filed November 1, 2021, as well as the parties' briefs and exhibits.

In their Motion, Plaintiffs seek a default judgment as well as attorney's fees.

The Court has carefully reviewed the record, the authorities and the parties' arguments. This Court has entered <u>seven</u> Orders compelling Defendant to comply with its discovery obligations. <u>See</u> "Order[s]" (documents ##37, 56, 76, 79, 82 and 107) and Text-Only Order entered February 1, 2021.

On September 10, 2021, the Court <u>granted in part</u> and <u>denied in part</u> Plaintiffs' first "Motion for Sanctions" (document #84). <u>See</u> "Order" (document #98). The Court ordered:

> <u>Within fifteen days of the date of this Order, Defendant shall fully comply with the Court's Orders (documents ##79 and 82) by serving complete verified supplemental discovery responses to the subject discovery requests. If Defendant contends that it has fully responded to a particular discovery request, it shall so state in a verified discovery response.</u>

Id. at 3 (emphasis in original). The Court further warned Defendant that

> **[F]ailure to comply fully with the Court's Orders (documents ##79 and 82), to respond to any other of Plaintiffs' reasonable discovery requests, or to otherwise comply fully with any of the Court's other Orders, the Local Rules, or the Rules of Civil Procedure may result in the imposition of sanctions. Sanctions may include Defendant or Defendant's counsel being ordered to pay Plaintiffs' costs including reasonable attorney's fees in their entirety and may also include entry of judgment.**

Id. at 2-3 (emphasis in original). The Court also awarded Plaintiffs attorney's fees incurred in preparation of the Motion for Sanctions. Id.; see also "Order" (document #103) (setting Plaintiffs' attorneys' fees at $5,000).

Notwithstanding these eight prior Orders, it is clear that numerous documents responsive to Plaintiffs' discovery requests and within the scope of the Court's Orders have either been lost or destroyed.

Fed. R. Civ. P. 37 identifies a number of possible sanctions, including ordering that designated facts be taken as true; prohibiting a party from supporting or opposing certain claims or defenses, or from introducing other matters into evidence; striking pleadings in whole or in part; or entering default judgment against the disobedient party. See Fed. R. Civ. P. 37(d)(3) (referring to Rule 37(b)(2)(A)(i)–(vi)).

The Fourth Circuit has developed a four-part test for district courts to use in determining appropriate Rule 37 sanctions. Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001) (en banc). Courts should consider: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that non-compliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would [be] effective." Id. (citation omitted).

In light of Defendant's egregious non-compliance and considering the present posture of the case, including pending motions for summary judgment, the Court concludes that additional sanctions are appropriate. While striking Defendant's Answer or entering default judgment would be extreme, it is appropriate to strike Defendant's Motions for Summary Judgment. See Est. of Boyles v. Gree USA, Inc., No. 1:20-CV-276, 2021 WL 3570413, at *1 (M.D.N.C. Aug. 12, 2021) (striking defendant's affirmative defenses and prohibiting defendant from offering evidence at trial other than cross-examining witnesses). An adverse inference jury instruction is also appropriate to address the loss or destruction of responsive documents. See United States v. Johnson, 996 F.3d 200, 217 (4th Cir. 2021) (quoting Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995) (adverse inference instruction "level[s] the evidentiary playing field" at trial by allowing the jury to conclude missing evidence was unfavorable to a party who, knowing it was relevant to some issue in the case, willfully caused its loss or destruction)).

The Court also finds that Plaintiffs are entitled to an award of their costs including reasonable attorney's fees incurred in preparation of this Motion.

## **RECOMMENDATION**

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Plaintiffs' Second Motion for Sanctions Seeking Default Judgment" (document # 117) be **GRANTED IN PART and DENIED IN PART**. Specifically, the undersigned recommends that the District Judge **STRIKE** Defendant's "Motion[s] for Summary Judgment" (documents ##119 and 120), allow an adverse inference jury instruction, and award Plaintiffs attorney's fees and costs incurred in the preparation of this Motion in an amount to be determined by the District Judge.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: November 30, 2021

David S. Cayer
United States Magistrate Judge