UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00612-RJC-DSC

| | |
|---|---|
| WILL SUMMERS, JR., et al., | ) |
| Plaintiffs, | ) |
| v. | ) **Order** |
| CITY OF CHARLOTTE, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiffs' Second Motion for Sanctions Seeking Default Judgment, (DE 117); Defendant's Motions for Summary Judgment, (DEs 119–120); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (DE 143), recommending that this Court grant in part Plaintiffs' Motion for Sanctions and strike Defendant's Motions for Summary Judgment, allow an adverse inference jury instruction, and award Plaintiffs' attorney's fees and costs. For the reasons stated herein, the Court **ADOPTS** the Magistrate Judge's M&R.

**I.   BACKGROUND**

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

In addition to the background in the M&R, the Court provides the following summation of relevant events which includes one successful motion for sanctions, seven successful motions to compel, and the instant second motion for sanctions:

July 3, 2020 (1st Motion to Compel): Plaintiffs filed a motion to compel Defendant City of Charlotte ("City") to serve verified responses to their discovery requests and find that all objections

had been waived. (DE 32). In response, the City contended that it had been unable to have its discovery responses verified due to the COVID-19 pandemic. (DE 36). Magistrate Judge Cayer granted in part and denied in part the motion, ordering that within forty-five days the City must serve complete verified responses to Plaintiffs. (DE 37).

January 11, 2021 (2nd Motion to Compel): Plaintiffs filed a motion to compel the City to produce documents regarding applicant/candidate files, including related scores, interview notes, and reports of recruits who were hired over Plaintiff Phifer in 2016 and 2017 as requested in RFP 4. (DE 46). Plaintiffs had been asking for these documents for over a year and the City repeatedly affirmed that it would produce these documents. *Id.* In response, the City contended that it had been unable to complete the document request due to the COVID-19 pandemic, but also noted that the documents were "already in the process of being produced." (DE 48). Magistrate Judge Cayer granted the motion, ordering that within fifteen days the City must produce the documents. (Text-Only Order Feb. 1, 2021).

March 2, 2021 (3rd Motion to Compel): Plaintiffs filed a motion to compel the deposition of Mayor Viola Lyles and City Manager Marcus Jones as multiple Plaintiffs had made complaints of race discrimination within the Charlotte Fire Department to one or both of Mayor Lyles and City Manager Jones. (DE 51). Since the previous summer, the City had agreed it would make them both available for deposition. However, in response to the motion, the City contended that it should not have to make Mayor Lyles and City Manager Jones available as Plaintiffs' "failed to point to any piece of discovery that shows either . . . have unique personal knowledge of the issues in this case." (DE 53). Magistrate Judge Cayer granted the motion, ordering that within thirty days the City must make both individuals available for deposition. (Text-Only Order Apr. 13, 2021).

May 3, 2021 (4th Motion to Compel): Plaintiffs filed a motion to compel promotional assessor and interview notes regarding candidates for Battalion Chief, Division Chief, Deputy Chief, Health and Safety Officer, and the Recruitment Officer promotional processes in which Plaintiffs Patterson, Smith-Phifer, and Summers participated. Plaintiffs noted that the City indicated the documents were missing but failed to explain what had happened to them. (DE 60). In response, the City argued that the discovery requests were vague, overbroad, and disproportional to the needs of the case. (DE 74). Magistrate Judge Cayer granted the motion, ordering that within fifteen days the City must produce these documents. (DE 79).

May 13, 2021 (5th Motion to Compel): Plaintiffs filed a second motion to compel the deposition of Mayor Viola Lyles, arguing in part that during the deposition the City Attorney improperly sat in the room next to Mayor Lyles and that Mayor Lyles muted herself on Zoom to confer with the City Attorney before answering counsel's questions. (DE 67). In response, the City argued that Plaintiffs' counsel ended the deposition after only 40 minutes without good cause and as such she should not get another chance to depose Mayor Lyles. (DE 73). Magistrate Judge Cayer granted in part the motion and allowed Plaintiffs an extension to conclude the deposition. (DE 76).

May 21, 2021 (6th Motion to Compel): Plaintiffs filed a motion to compel discovery regarding Plaintiff Puckett, verifications, and the document index. (DE 70). In particular, Plaintiffs sought to compel production of complete, verified responses to Interrogatories Nos. 33, 83, 88, and 90 and Requests for Production of Documents Nos. 6, 14, 36, 57, 67, and 77. Plaintiffs also sought to compel the City to answer all interrogatories, verify all interrogatory responses, and produce a document index that identifies by Bates Numbers which documents respond to which document requests and includes a description of the documents responsive to each request. *Id.* In

response, the City argued the discovery requests sought to find the "proverbial smoking gun through overly broad and irrelevant requests." (DE 77). Magistrate Judge Cayer granted the motion as the City "served responses that are deficient and unverified." (DE 82).

August 3, 2021 (1st Motion for Sanctions): Plaintiffs filed a motion for sanctions seeking an order compelling the City to comply with the Court's previous Orders, imposing monetary sanctions, and warning the City that further sanctions may be imposed. (DE 84). In particular, Plaintiffs argued that the "City did not meet [its] deadline and instead submitted untimely, incomplete, duplicative and unresponsive documents, and misleading supplemental responses which ultimately failed to comply with the Court's Orders." *Id.* In response, the City contended that it "attempted in good faith . . . to comply with the Court's previous orders," that "the City is not required to acquiesce to Plaintiffs' every request," and that "[d]isagreements as to the extent and scope of discovery are routine" and should not be sanctionable. (DE 95). Magistrate Judge Cayer granted the motion given the City's "failure to cooperate throughout the discovery process" and because the City "repeats objections to discovery requests which the Court has previously overruled." (DE 98). Judge Cayer also granted Plaintiffs attorney's fees in preparation of the motion for sanctions.

September 2, 2021 (7th Motion to Compel): Plaintiffs filed a motion to compel or in the alternative for *in camera* review of the Closed Session Meeting Minutes from the City Council's March 28, 2016 meeting. (DE 93). Plaintiffs believed the City Counsel discussed the complaint by Plaintiff Puckett that former Fire Chief Jon Hannan released Puckett's confidential personnel information to the media in retaliation. *Id.* Plaintiffs argued that Chief Hannan's credibility is at issue in this case. *Id.* The City originally provided a general description of the meeting notes, but later on in discovery claimed the meeting notes were protected by attorney-client privilege. *Id.* In

4

response, the City maintained its privilege argument. (DE 100). Magistrate Judge Cayer granted the motion, noting that the "Open Meeting Law and Public Records Act provides that any attorney-client privilege available to a public entity expires three years after the communication was made." (DE 107).

In the underlying second motion for sanctions filed on the summary judgment deadline, which the M&R recommends granting in part, Plaintiffs seek default judgment and attorney's fees because the City failed to obey prior discovery orders, including sanctions. (DE 117). In the motion, Plaintiffs argue that they are "badly prejudiced" after two years of trying to meet and confer in good faith with the City to no avail, that the City has still failed to produce a significant amount of documents, refused to answer many interrogatories and instead produced unresponsive document dumps, and refused to supplement and verify interrogatories. *Id.* In response, the City repeats its arguments that its responses "have been proper," that "the City is not required to acquiesce to Plaintiffs' every request," that the "City has actively participated in the discovery process in good faith," and that "[d]isagreements as to the extent and scope of discovery are routine" and should not be sanctionable in this case. (DE 129).

The M&R found that "[n]otwithstanding these eight prior Orders, it is clear that numerous documents responsive to Plaintiffs' discovery requests and within the scope of the Court's Orders have either been lost or destroyed." (DE 143). The M&R then went through a Rule 37 analysis for failure to cooperate during discovery to determine appropriate sanctions. In particular, the M&R used the Fourth Circuit's general four-part test for determining Rule 37 sanctions. *See Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (en banc). The M&R found that striking the City's Answer or entering default judgment was too extreme, but found it appropriate to strike the City's motions for summary judgment. The M&R also found that an

5

adverse inference jury instruction was appropriate to address the loss or destruction of responsive documents and that Plaintiffs should be entitled to reasonable attorney's fees in preparing the second motion for sanctions.

In its objection to the M&R, the City argues that the M&R did not apply the correct legal standard regarding Rule 37 because it did not conduct a Rule 37(e) analysis to show that specific electronically stored information ("ESI") should have been produced. (DE 156). The City also objects to striking its motions for summary judgment and adverse jury instructions.

## II.  STANDARD OF REVIEW

The district court has authority to assign nondispositive pretrial matters pending before the Court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a nondispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. *Id.*; Fed. R. Civ. P. 72(a). "Under this standard, a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gentry v. Maggie Valley Resort Management, LLC*, 2014 WL 12707371, at *1 (W.D.N.C. Apr. 4, 2014) (quoting *United States v. U.S. Nat'l Gypsum Co.*, 333 U.S. 364 (1948)). "Therefore, unless the result compelled by the Magistrate Judge's ruling is contrary to law or clearly erroneous, the Orders of the Magistrate Judge will be affirmed." *Stephens v. Wachovia Corp.*, No. 3:06-cv-246, 2008 WL 686214, at *3 (W.D.N.C. Mar. 7, 2008). "Courts have consistently found discovery motions to be nondispositive." *Federal Election Commission v. Christian Coalition*, 178 F.R.D. 456, 459 (E.D. Va. 1998); *Gupta v. Freddie Mac*, 823 Fed. App'x 225, 226 (4th Cir. 2020); *Mvuri v. American Airlines, Inc.*, 776 Fed. App'x 810, 810-11 (4th Cir. 2019) (dismissing appeal because plaintiff failed to object to

6

magistrate judge's nondispositive order on motion to compel).

## III.    DISCUSSION

As the City objected to the M&R for failing to conduct a Rule 37(e) analysis—which only applies to lost or destroyed ESI—the City's objection to the M&R is limited to Judge Cayer's recommendation of an adverse jury instruction due to Defendant's failure to preserve ESI that was lost or destroyed.  There is no objection to the non-ESI documents or responses at issue in Plaintiffs second motion for sanctions.[1]  A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge.  *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).  No objection to the M&R having been filed in regard to non-ESI documents and responses, and the time for doing so having passed, the parties have waived their right to de novo review of these issues covered in the M&R.  Nevertheless, this Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge as to non-ESI documents and responses is, in all respects, in accordance with the law and should be approved.  The Court now turns to the Rule 37(e) analysis for ESI.

### A.    Rule 37(e) Analysis

To succeed on a Rule 37(e) motion for sanctions, the moving party must show: "(1) ESI should have been preserved; (2) ESI was lost; (3) the loss was due to a party's failure to take reasonable steps to preserve the ESI; and (4) the ESI cannot be restored or replaced through additional discovery."  *Sines v. Kessler*, No. 3:17-cv-00072, 2021 U.S. Dist. LEXIS 204142, at *11–12 (W.D. Va. Oct. 22, 2021); *Global Hookah Distribs. v. Avior, Inc*., No. 3:19-CV-00177-

---

[1] ESI is information stored on "any type of computer device" and would include items like emails and electronic documents.  *Hopson v. Mayor & City Council of Baltimore*, 232 F.R.D. 228, 238 (D. Md. 2005).  However, ESI does not include handwritten notes and other physical documents.  *See Steves & Sons, Inc. v. JELD-WEN, Inc*., 327 F.R.D. 96, 105 (E.D. Va. 2018).

7

KDB-DCK, 2020 U.S. Dist. LEXIS 133985, at *33 (W.D.N.C. July 29, 2020). *Sines* also requires a showing that the defendant acted with the intent to deprive plaintiff of the information. 2021 U.S. Dist. LEXIS 204142, at *10. There is no dispute that ESI was lost.

### i. Duty to Preserve

"Generally, it is the filing of a lawsuit that triggers the duty to preserve evidence." *Turner v. United States*, 736 F.3d 274, 282 (4th Cir. 2013). However, that duty "arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Id.* (internal quotations omitted). Courts within "the Fourth Circuit have found that the receipt of a demand letter, a request for evidence preservation, a threat of litigation, or a decision to pursue a claim will all trigger the duty to preserve evidence." *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 327 F.R.D. 96, 106 (E.D. Va. 2018) (citing *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 512 (S.D.W. Va. 2014)). Notwithstanding, "the absence of these things does not vitiate the independent obligation of an adverse party to preserve . . . information if that party knows or should know of impending litigation." *Steves & Sons*, 327 F.R.D. at 106.

Here, the missing ESI are documents that the City claims it relied on in making the decisions on who to promote, such as applications for candidates which show whether such candidates met the minimum qualifications. Such documents are highly relevant in a discrimination case based on failure to promote, and the City had a duty to preserve such documents once on notice.

The City notes in its objection that "the Court is likely to find it was on notice as early as [November] 2016 when Plaintiffs first filed charges with the EEOC." (DE 156). While this is true, it was not the earliest time the City was on notice. *See Powell v. Town of Sharpsburg*, 591 F.

8

Supp. 2d 814, 819 (E.D.N.C. 2008) (notice of EEOC complaint triggers duty to preserve documents). Plaintiffs Smith-Phifer and Summers filed their respective initial grievances in July 2016. As such, the City was on notice at least as early as July 2016. *Broccoli v. Echostar Comms. Corp.*, 229 F.R.D. 506, 511 (D. Md. 2005) (finding that defendant was on notice as of the date the employee made complaints to supervisors). Importantly, the City should have been aware of the potential for litigation when it received Plaintiffs' grievances in July 2016 as the City's promotional processes had also been the subject of litigation in at least four other lawsuits, dating all the way back to 2002.[2] Accordingly, the City had a duty to preserve ESI beginning in July 2016.

### ii. Failure to Take Reasonable Steps to Preserve ESI

"[A]ssessing whether [defendant] took reasonable steps to preserve [] ESI turns on whether he changed his routine practices and put in place some sort of litigation hold to reasonably ensure its protection from loss." *Sines v. Kessler*, No. 3:17-CV-00072, 2021 WL 4943742, at *9 (W.D. Va. Oct. 22, 2021), order approved, No. 3:17-CV-00072, 2021 WL 5492826 (W.D. Va. Nov. 19, 2021). "A party breaches its duty to preserve relevant evidence if it fails to act reasonably by taking positive action to preserve material evidence." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 525 (D. Md. 2010) (internal quotations omitted). Here, Plaintiffs note that the only record evidence of a litigation hold being considered was a notation on the City's privilege log that a litigation hold for Plaintiff Smith-Phifer was created on February 7, 2017. Plaintiffs also note that the City "has refused to produce any documents showing that a litigation hold was actually distributed to custodians or to identify the scope of the litigation hold." (DE 167).

---

[2] *Clumpner et al. v. City of Charlotte*, No. 17 CVS 15741, (N.C. Super. Ct. 2017); *Belton v. City of Charlotte*, No. 3:04-CV-600-DCK, 2007 WL 2695269, at *1 (W.D.N.C. Sept. 11, 2007); *Frederick v. City of Charlotte*, No. 3:04-CV-599-DCK (W.D.N.C. Sept. 11, 2007); *Johnson v. City of Charlotte*, 229 F. Supp. 2d 488 (W.D.N.C. 2002).

9

30(b)(6) designees for the City confirm that employees were permitted to destroy assessor notes, even though the City's own record retention policy states that "records and forms relating to the selection or non-selection, promotion" should only be "destroy[ed] in office after 30 years from date of separation." (DE 118-13 (Document Retention Policy); DE 110-2 (Simpson Dep.) at 88:4–89:6[3]; DE 110-1 (Skeris Dep) at 140:6–23[4]). Moreover, while the City's duty to preserve documents began in July 2016, the evidence shows that it did not search for any relevant documents until 2018, and the City waited a year after receiving Plaintiffs' first discovery requests before having its IT Department begin conducting an ESI search in November 2020. (DE 118-2 at 23–24). In sum, the evidence shows the City failed to take reasonable steps to preserve ESI.

### iii. Loss & Replaceability

The documents that were lost or destroyed include applications submitted by candidates and email communications regarding the promotional processes and the assessor notes for the 2015 Division Chief Promotional Process, the 2016 Health and Safety Office Promotional Process, and the 2017 Recruitment Captain Promotional Process. While Plaintiffs have recovered select emails, they have not been able to obtain the complete records from the City. This is sufficient to show that the records are lost and irreplaceable. *Sines v. Kessler*, No. 3:17-CV-00072, 2021 WL 4943742, at *9 (W.D. Va. Oct. 22, 2021), order approved, No. 3:17-CV-00072, 2021 WL 5492826 (W.D. Va. Nov. 19, 2021) ("They obtained some of this ESI from other Defendants and third-party

---

[3] "Q: Are fired employees allowed to shred their interview notes for processes they run?
    A. Yes."
[4] "Q: What about the interview notes from those processes?
    A. Again, everybody would probably do it a little bit differently. I kept all mine.
 Q: And do you still have them?
    A. I do not.
 Q: Where are they?
    A. They are with shredded.
 Q: Excuse me?
    A. They were shredded."

10

providers, but they do not have a complete record. . . . This is sufficient to show that ESI . . . is both lost and irreplaceable.").

     iv.  <u>The City's Actions Evidence an Intent to Deprive Plaintiffs of the Information</u>

A "party's conscious dereliction of a known duty to preserve electronic data—whether passive or active—is both necessary and sufficient to find that the party acted with the intent to deprive another party of the information's use under Rule 37(e)(2)." *Sines*, 2021 WL 4943742, at *10. Here, the city was under a duty to preserve documents as of July 2016. To date, the City has indicated that a litigation hold was drafted for one Plaintiff in February 2017, but has not confirmed or produced any documents showing that litigation holds were created or issued for all Plaintiffs. The City also waited nearly two years to begin searching for potentially relevant documents after the duty to preserve arose and waited nearly a year to have its IT Department search for ESI after receiving the Plaintiffs' first discovery requests. The City also repeatedly failed to participate in the discovery process and failed to comply when compelled and sanctioned by the Court. The City's repeated derelictions of its duty to preserve highly relevant ESI over a period of years, combined with the apparent failure to issue litigation holds and follow this Court's seven orders to compel and previous sanctions, evidence an intent to deprive Plaintiffs of the information. *Sines*, 2021 WL 4943742, at *10 (citing *Moody v. CSX Transp., Inc.*, 271 F. Supp. 3d 410, 432 (W.D.N.Y. 2017) ("[D]efendants' repeated failure over a period of years to confirm that the data had been properly preserved despite its ongoing and affirmative . . . obligations, particularly before discarding [evidence], is so stunningly derelict as to evince intentionality.")).

  **B.**  **Striking Motion for Summary Judgment & Adverse Inferences**

The City objects to the M&R's recommendation to strike the City's motions for summary judgment, arguing that such a measure is greater than necessary. However, this argument is a

11

recitation of its previous argument during the initial motion and is nothing more than a disagreement with the M&R's recommended resolution, rather than enumeration of an error. *United States v. Sullivan*, NO. 3:20-cr-00167-FDW-DCK, 2021 WL 1976547, at *1 (W.D.N.C. May 18, 2021) (*quoting Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). "Absent a specific, proper, and timely filed objection, the Court reviews only for 'clear error,' and need not give any explanation for adopting the M&R." *Mathies v. Saul*, NO. 1:20-cv-00012-FDW-DSC, 2021 WL 467205, at *2 (W.D.N.C. Feb. 9, 2021) (*citing Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)). Moreover, the City's argument that it should avoid sanctions because Plaintiffs are unlikely to prevail on the merits of their claims due to procedural issues has little bearing here because "discovery sanctions are typically decided independently from the ultimate outcome of the case." *Klipsch Grp., Inc. v. ePRO E-Com. Ltd.*, 880 F.3d 620, 633 (2d Cir. 2018).

Regarding adverse inferences, the Fourth Circuit has found that adverse inferences were appropriate in similar circumstances. *United States v. Johnson*, 996 F.3d 200, 206 (4th Cir. 2021) (*citing* Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 155 (4th Cir. 1995)) ("[A]n adverse inference may be drawn against a party who loses or destroys relevant evidence. In order to draw the inference, there must be a showing that the party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its loss or destruction.") (internal quotations and citation omitted).

Accordingly, striking the City's motions for summary judgment and adverse inferences are appropriate sanctions in the present case.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (DE 143), is **ADOPTED**; and

2. Plaintiffs' Second Motion for Sanctions Seeking Default Judgment, (DE 117), is **GRANTED in part** and **DENIED in part**. Specifically, Defendant's Motions for Summary Judgment, (DEs 119–120), are **STRUCK**; an adverse jury instruction will be given to address the loss or destruction of responsive documents; and Plaintiffs are **AWARDED** reasonable attorney's fees in preparation of their motion.

3. Plaintiffs are requested to submit an accounting of reasonable attorney's fees within fourteen (14) days of this Order.

**SO ORDERED.**

Signed: February 7, 2022

Robert J. Conrad, Jr.
United States District Judge