| | |
|---|---|
| Will Summers Jr, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | **Order** |
| City of Charlotte, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Attorneys' Fees (the "Motion") (Doc. No. 183). For the reasons stated herein, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. BACKGROUND

After seven successful motions to compel and one successful motion for sanctions, Plaintiffs filed a second motion for sanctions seeking default judgment and attorneys' fees. (Doc. No. 117). The Magistrate Judge recommended granting the second motion for sanctions in part, and sanctioning Defendant by striking its motions for summary judgment, giving an adverse jury instruction addressing the loss or destruction of responsive documents, and awarding reasonable attorneys' fees (the "M&R"). (Doc. No. 143). Over objection, the Court adopted the M&R and requested that Plaintiffs submit an accounting of their reasonable attorneys' fees. (Doc. No. 177). Thereafter, Plaintiffs submitted their Motion for Attorneys' Fees seeking $37,824.84 for costs and attorneys' fees associated with filing their second motion for sanctions. (Doc. Nos. 183, 184).

Specifically, Plaintiffs request $445.34 in costs for Westlaw research and attorneys' fees based on the following:[1]

| Individual | Hourly Rate | Total Hours Spent | Total Fees |
|---|---|---|---|
| Margaret Maloney | $350/hour | .5 | $175 |
| Jennifer Spyker | $250/hour | 87.95 | $21,987 |
| Mitchell Davis | $220/hour | 49.3 | $10,192 |
| Melissa Hall, paralegal | $250/hour | 33.5 | $5,025 |

(*Id.*). Plaintiffs also ask the Court to order Defendant's counsel jointly and severally liable for the award. (*Id.*).

## II. DISCUSSION

An award of attorney's fees and the amount awarded is within the district court's discretion. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). The starting point is to determine the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.*; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)." *Id.*; *Randolph v. Powercomm Construction, Inc.*, 715 Fed. App'x 227, 230 (4th Cir. 2017) (unpublished). The *Johnson* factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in

---

[1] Although this table, an image from Plaintiffs' counsel's affidavit in support of the Motion, lists paralegal Melissa Hall's hourly rate as $250, other documents in support of the Motion list Ms. Hall's hourly rate as $150, which is consistent with the total fees calculation requested (33.5 hours X $150/hour = $5,025). (Doc. No. 184-1). Additionally, while this table represents that attorney Mitchell Davis billed 49.3 hours, the time records submitted in support of the Motion indicate Mr. Davis billed 46.3 hours on the second motion for sanctions. (Doc. No. 184-1).

controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* n.2.

"Billing judgment is an important component in fee setting" and "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1983). "The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." *Hugee v. Kimso Apts., LLC*, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012) (citing *Hensley*, 461 U.S. at 433).

Defendant largely argues the number of hours expended on Plaintiffs' second motion for sanctions is excessive. According to the Motion, Plaintiffs' counsel spent roughly 170 hours on the second motion for sanctions, exhibits, and reply brief. While Plaintiffs' second motion for sanctions was helpful and detailed, after reviewing the time records, the Court finds the number of hours spent on the second motion for sanctions excessive. First, the time records include some redundant, duplicative, and excessive time entries related to research, drafting, revising, and preparing the second motion for sanctions. Further, the time records provide a number of hours spent reviewing Defendant's discovery responses to assist with preparing exhibits and the Motion. However, to some extent, reviewing and organizing discovery responses are necessary tasks for litigating and preparing a case for trial regardless of whether discovery disputes and sanctions motions arise. Further, the discovery rules, discovery disputes, and related sanctions are not novel

or difficult, and do not require any extraordinary skill. Rather, all lawyers litigating civil cases in federal court should be familiar with and knowledgeable about the discovery rules and related disputes while representing their clients. Last, the Court notes that the Magistrate Judge determined that the reasonable attorneys' fees for Plaintiffs' first motion for sanctions was $5,000, reduced from the request for $22,520 for 95.8 hours.

On the other hand, the Court is aware that Defendant caused discovery and related disputes to be significantly more difficult than necessary and repeatedly failed to participate in the discovery process. Indeed, even in the face of numerous Court Orders compelling Defendant to comply with discovery requirements and sanctions Defendant continued to fail to comply. The need to file the second motion for sanctions was caused only by Defendant's continued actions, and inactions, evidencing an intent to deprive Plaintiffs of information.

For these reasons, the Court finds it necessary to reduce Plaintiffs' hours by fifty percent (50%). In making this reduction, the Court does not opine on the decision of the lawyers or their client to spend hours above the amount the Court ultimately determines is reasonable. There may be internal standards of excellence adhered to, or client expectations, that push lawyers to do more rather than less in pursuing a successful outcome. Additionally, the Court finds Plaintiffs' counsel's hourly rates to be reasonable. Accordingly, as Plaintiffs' counsel billed 168.25 hours[2] at an average rate of $242.50 per hour, Plaintiffs are entitled to an award of reasonable attorneys'

---

[2] Plaintiffs' Motion and related records provide inconsistent evidence of the number of hours expended on the second motion for sanctions. For example, the time records provides a total of 170.1 hours, but the breakdown of time by individual on the same document only provides a total of 168.25 hours. (Doc. No. 184-1 at 16). And the table of hours in Plaintiffs' counsel's affidavit provides a total of 171.25 hours. (*Id.* at 7). Due to this inconsistency, and that it is Plaintiffs' burden to demonstrate reasonable attorneys' fees, the Court will start with 168.25 hours. (*Id.* at 16).

fees in the amount of $20,401.53 (84.13 hours X $242.50/hour = $20,401.53). Plaintiffs are also entitled to reasonable costs for Westlaw research in the amount of $445.34. Finally, the Court will deny Plaintiffs' request to order Defendant's counsel jointly and severally liable for the fees and costs awarded for the second motion for sanctions.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiffs' Motion for Attorneys' Fees (Doc. No. 183) is **GRANTED IN PART** and **DENIED IN PART**;

2. Plaintiffs are **AWARDED $**20,401.53 in reasonable attorneys' fees and $445.34 in costs which shall be paid directly to Plaintiffs' counsel within forty-five (45) days of this Order; and

3. Plaintiffs' request for Defendant's counsel to be jointly and severally liable is **DENIED**.

Signed: June 6, 2022

Robert J. Conrad, Jr.
United States District Judge