| | | |
|---|---|---|
| **WILL SUMMERS JR,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Order** |
| **CITY OF CHARLOTTE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff Will Summers, Jr.'s Motion for Attorneys' Fees (the "Motion"). (Doc. No. 243). For the reasons stated herein, the Motion is **GRANTED IN PART**. The Court takes under advisement the amount of reasonable attorneys' fees.

## I. BACKGROUND

Plaintiff Will Summers, Jr. ("Plaintiff") filed this action in 2018 bringing race discrimination and retaliation claims pursuant to, as relevant here, Title VII, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Defendant removed the action to this Court, and it was consolidated with three other actions for purposes of discovery. On June 28, 2022, soon before Plaintiff's trial, Defendant made an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 (the "Offer of Judgment"). (Doc. 238-1). The Offer of Judgment provides in relevant part:

The claims sought to be resolved are all of Plaintiff's claims in this lawsuit . . . .

The total amount of this Offer to Plaintiff is ONE HUNDRED SEVENTYFIVE THOUSAND DOLLARS AND 00/100 Dollars ($175,000.00). This amount exceeds any and all damages available to Plaintiff under the claims alleged in the

lawsuit including, but not limited to, back pay, statutory, actual, and punitive damages as well as interest.

This Offer of Judgment is not to be construed as an admission that Defendant is liable to Plaintiff in this action or otherwise, or that Defendant engaged in any unlawful conduct, or that Plaintiff has suffered any damage. This Offer of Judgment is made solely for the purpose of terminating this action as contemplated by Rule 68. Judgment entered on this Offer of Judgment shall not provide any grounds, directly or indirectly, for any order, ruling, judgment or award to Plaintiff or against Defendant of any amount or benefit, including declaratory or injunctive relief, not expressly offered herein.

(*Id.* ¶¶ 1, 3-4). On July 8, 2022, the Plaintiff accepted the Offer of Judgment and noted that he "will file his Petition for Attorneys' Fees and Costs within 14 days after the entry of judgment for the Court to determine attorneys' fees and costs." (Doc. No. 238). That same day, Defendant notified the Court of its position that the Offer of Judgment "precludes Plaintiff from seeking any additional relief, including attorneys' fees and costs" and noting that it would oppose any request for attorneys' fees and costs. (Doc. No. 239). On July 11, 2022, the Clerk of Court entered judgment "in accordance with the Plaintiff's Notice of Acceptance of Defendant's Offer of Judgment pursuant to Rule 68." (Doc. No. 240). Plaintiff subsequently filed the Motion seeking $177,288.27 in costs including attorneys' fees, which Defendant opposes. (Doc. Nos. 243, 248, 249, 250).

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 68, at least 14 days before trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, "with the costs then accrued." Fed. R. Civ. P. 68. If the opposing party serves written notice accepting the offer, either party may file notice of acceptance and the Clerk must enter judgment. *Id.* "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." *Id.* "[W]here the

underlying statute defines costs to include attorneys' fees . . . such fees are to be included as costs for purposes of Rule 68." *Marek v. Chesny*, 473 U.S. 1, 9 (1985). The terms of an offer of judgment should be construed strictly and any ambiguities should be resolved against the offeror. *Bosley v. Mineral Cnty. Comm'n*, 650 F.3d 408, 414 (4th Cir. 2011). "Evidence extrinsic to the offer's terms should not be considered." *Id.*

In *Bosley*, the Fourth Circuit considered whether an offer of judgment included costs and attorneys' fees. 650 F.3d 408. There, the defendants made an offer of judgment which stated, in relevant part: "Pursuant to [Fed.R.Civ.P. 68(a) ], the . . . Defendants hereby serve upon [Bosley] an Offer of Judgment in the amount of Thirty Thousand Dollars ($30,000.00) as full and complete satisfaction of [Bosley's] claim against . . . Defendants." *Id.* at 410 (alterations in original). The offer of judgment did not specifically mention costs. *Id.* The Fourth Circuit concluded that because the offer of judgment did not specifically state whether it included costs, the offer was not inclusive of costs, and the plaintiff was entitled to costs in addition to the lump sum offer. The Fourth Circuit relied on *Marek*, where the Supreme Court stated:

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs.

*Marek*, 473 U.S. at 6 (internal citation omitted). The Fourth Circuit in *Bosley* guided defendants in drafting offers of judgment: "[i]f a defendant intends to make a lump sum Rule 68 offer inclusive of awardable costs, [it is] abundantly clear the means by which to do so: precise drafting of the offer to recite that costs are included in the total sum offered." *Bosley*, 650 F.3d at 413. Notably, the Fourth Circuit also guided courts in considering these issues: "[w]hen a Rule 68 offer of judgment is silent as to costs, a court faced with such an offer that has been timely accepted is

obliged by the terms of the rule to include in its judgment an amount above the sum stated in the offer to cover the offeree's costs." *Id.* (citing Marek, 473 U.S. at 6).  A number of other courts, relying on *Marek*, *Bosley*, or generally ambiguous offers of judgment, have reached similar conclusions as to costs and/or attorneys' fees.  *See, e.g., Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 692-93 (7th Cir. 2013) (remanding to district court for an award of attorneys' fees where offer of judgment referring to all "claims for relief" was ambiguous as to attorneys' fees); *Lima v. Newark Police Dep't*, 658 F.3d 324, 331-32 (3d Cir. 2011) (remanding to district court for an award of attorneys' fees where offer of judgment for all "claims for relief" was silent and ambiguous as to attorney fees); *McGraw-Hill Global Education, LLC v. Jones*, 714 Fed. App'x 500, 503-04 (6th Cir. 2017) (concluding offer of judgment silent on attorneys' fees was ambiguous and construed against the offeror allowed for separate award for fees);  *Acevedo v. Phoenix Preservation Group, Inc.*, No. PJM 13–3726, 2015 WL 6004150 (D. Md. Oct. 8, 2015) (concluding offer of judgment for "all of the Plaintiffs' claims for relief against each Defendant" was not inclusive of attorneys' fees); *Plan Pros, Inc. v. Dultmeier Homes Co.*, No. 19-4068-SAC-ADM, 2021 WL 2142653, at *5-6 (D. Kan. May 26, 2021) ("[F]or whatever reason, Dultmeier chose not to mention costs or fees by name or specify an amount for them in its offer. Due to their silence, ambiguity results which is resolved against them as the offerors. Because the offer does not unambiguously include costs and fees, Plan Pros is not precluded from seeking attorneys' fees."); *Medina v. Gilbert Mega Furniture, LLC*, No. CV-16-04033-PHX-SPL, 2019 WL 3778406, at *2-3 (D. Ariz. Aug. 12, 2019) (concluding plaintiffs were entitled to an award of attorneys' fees where offer of judgment was silent as to attorneys' fees).

Here, the Offer of Judgment offered $175,000 for "all of Plaintiff's claims in this lawsuit." The offer did not specify whether the $175,000 offer included costs.  Instead it was silent as to

costs.  Therefore, under *Marek* and *Bosley*, the Court "is obliged by the terms of the rule to include in its judgment an amount above the sum stated in the offer to cover the [Plaintiff's] costs." *Bosley*, 650 F.3d at 413.  Because the statutes on which Plaintiff's claims are based, 42 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k),"define[] costs to include attorneys' fees . . . such [attorney's] fees are to be included as costs for purposes of Rule 68." *Marek*, 473 U.S. at 9.  Accordingly, Plaintiff is entitled to costs pursuant to Rule 68, including attorneys' fees.

Defendant argues the Offer of Judgment is not silent as to costs and attorneys' fees because the Offer of Judgment stated that it resolved "all of Plaintiff's claims."  However, this language is insufficient to specifically and unambiguously signal that the offer included costs or attorneys' fees.  *Bosley*, 650 F.3d at 410-13.  Defendant also argues Paragraph 4, below, "clearly and unambiguously forecloses any possibility of additional relief, including attorneys' fees."  (Doc. No. 248).

> This Offer of Judgment is not to be construed as an admission that Defendant is liable to Plaintiff in this action or otherwise, or that Defendant engaged in any unlawful conduct, or that Plaintiff has suffered any damage. This Offer of Judgment is made solely for the purpose of terminating this action as contemplated by Rule 68. Judgment entered on this Offer of Judgment shall not provide any grounds, directly or indirectly, for any order, ruling, judgment or award to Plaintiff or against Defendant of any amount or benefit, including declaratory or injunctive relief, not expressly offered herein.

(Doc. 238-1).

The Court disagrees.  The Defendant made an Offer of Judgment pursuant to Rule 68. Under Rule 68, a judgment entered on an offer of judgment must include "costs then accrued."  If the Offer of Judgment is not clear as to costs then the Court must, by the terms of Rule 68, include an additional amount in the judgment for costs.  *Marek*, 473 U.S. at 6.  Thus, an award of costs is part of the "[j]udgment entered on this Offer of Judgment" and contemplated by Rule 68, not an additional award or benefit on the "grounds" of the judgment entered as contemplated by

Paragraph 4.  (Doc. Nos. 238-1, 248 at 7).  Additionally, Paragraph 4 specifically excludes any declaratory or injunctive relief, but does not specifically and unambiguously exclude costs or attorneys' fees.  Instead, it is silent as to costs and attorneys' fees.  Defendant points to the word "award" and "benefit" in Paragraph 4 to show that Paragraph 4 clearly meant an attorneys' fees award.  But, if that is the case, Defendant should have clearly stated that it meant attorneys' fees, particularly in light of the clear language of Rule 68 and Fourth Circuit case law regarding costs in the context of an offer of judgment.  *Bosley*, 650 F.3d at 414 (noting courts cannot consider extrinsic evidence to the offer's terms).

At best, Paragraph 4 creates ambiguity as to whether the Offer of Judgment included costs and/or attorneys' fees, and any ambiguity must be construed against Defendant.  *Bosley*, 650 F.3d at 412-14 (rejecting "full and complete satisfaction" of claims as sufficient unambiguous language to include attorneys' fees in an offer).  "If there is any occasion in civil litigation [that] calls for caution and care by counsel, it is the drafting of a Rule 68 offer." *Id.* at 413 (quoting *Laskowski v. Buhay*, 192 F.R.D. 480, 482 (M.D. Pa. 2000)).  This is so because an ambiguous offer of judgment "puts the plaintiff in a very difficult situation and would allow the offering defendant to exploit the ambiguity in a way that has the flavor of heads I win, tails you lose" by, on the one hand, arguing costs and fees are included in an offer of judgment if the plaintiff accepts, and, on the other hand, arguing costs and fees are not included if a rejected offer is more favorable than the ultimate judgment.  *Sanchez*, 709 F.3d 693-94.  The non-binding case on which Defendant largely relies is also inapposite because in *Nordby* the offer of judgment expressly included an amount for costs, and the Offer of Judgment here did not expressly include costs.  *Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390 (7th Cir. 1999) ("[Offer of] judgment in the amount of $56,003.00 plus $1,000 in costs as one total sum as to all counts of the amended complaint.").

Accordingly, Defendant's Offer of Judgment was not inclusive of costs, and under Rule 68, Plaintiff is entitled to costs as part of the judgment. Plaintiff's Title VII, § 1981, and § 1983 claims each define costs to include attorneys' fees. *See* 42 U.S.C. § 1988(b) ("[T]he court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs); 42 U.S.C. § 2000e-5(k) ("[T]he court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs."); *Marek*, 473 U.S. at 9. Plaintiff is the "prevailing party" for purposes of 42 U.S.C. § 1988(b) and 42 U.S.C. § 2000e-5(k). *Grissom v. The Mills Corp.*, 549 F.3d 313, 318-19 (4th Cir. 2008). Plaintiff is entitled to costs, including attorneys' fees, pursuant to Rule 68. The Court takes under advisement the amount of reasonable attorneys' fees to which Plaintiff is entitled.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Attorneys' Fees (Doc. No. 243) is **GRANTED IN PART**. The Court takes under advisement the amount of reasonable attorneys' fees.

**SO ORDERED.**

Signed: November 3, 2022

Robert J. Conrad, Jr.
United States District Judge