UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00612-RJC-DSC

| | | |
|---|---|---|
| SYLIVIA SMITH-PHIFER and LANCE PATTERSON, | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | <u>Order</u> |
| CITY OF CHARLOTTE, | ) ) ) | |
| **Defendant.** | ) ) | |

**THIS MATTER** comes before the Court on the Parties' motions in limine. (Doc. Nos. 263 & 267). In the interest of providing the parties with the Court's rulings ahead of trial, the Court below lists the Parties' relevant filings by docket number, a summary of the request, and the Court's ruling. Additionally, the Court reserves ruling until they arise at trial on Defendant's numerous objections made in chart-form to Plaintiff's exhibits and its general objections to various categories of documents or other evidence, unless otherwise ruled on herein. (Doc. Nos. 281, 281-1).

I. **OVERLAPPING REQUESTS**

| Doc. No. | Request | Ruling |
|---|---|---|
| 264; 268 | <u>Plaintiffs' Request</u>: The Court should rule that Plaintiffs' expert Dr. Kurt Geisinger is qualified to provide expert opinion testimony regarding his statistical analysis of the promotional process utilized by Defendant in the 2015-2018 battalion chief promotional processes.<br><br><u>Defendant's Request</u>: The Court should exclude testimony from Plaintiffs' expert witness Kurt Geisinger to the extent it is not based on sufficient facts or data, his report is not the product of reliable principles and methods, he failed to reliably apply | Plaintiffs' request is **GRANTED** subject to voir dire qualification at trial. Defendant's request is **DENIED WITHOUT PREJUDICE**. |

1

| Doc. No. | Request | Ruling |
|---|---|---|
| | the principles to the facts of this case, or it otherwise does not satisfy Fed. R. Evid. 702. | |
| 264; 268; 281 | Plaintiffs' Request: The Court should take judicial notice of demographic information for the City of Charlotte based on census data from the United States Census Bureau.<br><br>Defendant's Request: The Court should exclude demographic and diversity data including U.S. Census Bureau data regarding race in Charlotte from 2010 and 2020. | Plaintiff's request is **GRANTED IN PART**. Defendant's request is **DENIED WITHOUT PREJUDICE**. The Court will take judicial notice of relevant United States Census Bureau information presented by Plaintiffs at trial. *Carter v. Ball*, 33 F.3d 450 (4th Cir.1994); *Luh v. J.M. Huber Corp.*, 211 Fed. App'x 143 (4th Cir. 2006); s*ee also United States v. Cecil*, 836 F.2d 1431, 1452 (4th Cir. 1988); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571-72 (5th Cir. 2011). |
| 264; 268; 281 | Plaintiffs' Request: The Court should allow Plaintiffs to introduce deposition testimony of Ron Carlee and Sheila Simpson from *Eschert v. City of Charlotte*.<br><br>Defendant's Request: The Court should exclude deposition testimony, trial transcripts from *Eschert v. City of Charlotte*. | Subject to any Court rulings on specific objections, Plaintiffs' request is **GRANTED**. Defendant's request is **DENIED**.<br>Fed. R. Civ. P. 32(a)(8) and advisory notes; Fed. R. Evid. 801(d)(2)(D); s*ee also Kinslow v. 5 Star Field Srvcs. Group, LLC*, No. 1:19-cv-1605-MLB, 2021 WL 3493564, at *3 (N.D. Ga. Aug. 9, 2021)' *Pinkney v. Winn-Dixie Stores, Inc.*, No. CV214–075, 2014 WL 7272551, at *2 (S.D. Ga. Dec. 17, 2014); *In re 3M Combat Arms Earplug Prod. Liability Litigation*, 338 F.R.D. 167, 170 (N.D. Fla. 2021); *Brown v. Vivint Solar, Inc.*, --- F.Supp.3d ----, 2020 WL 2513518, at *2-3 (M.D. Fla. 2020). |
| 268; 271-12 | Plaintiffs' Request: The Court should allow Plaintiffs to introduce deposition testimony of Mayor Lyles and City Manager Jones.<br><br>Defendant's Request: The Court should exclude deposition testimony of Marcus Jones and Vi Lyles. | Plaintiffs' request is **DENIED**. Defendant's request is **GRANTED**.<br>Fed. R. Civ. P. 32(a)(3), (4); Fed. R. Civ. P. 30(b)(6). |
| 268; 271-12 | Plaintiffs' Request: The Court should allow Plaintiffs to introduce deposition testimony of Ron Carlee and Brian Schweitzer. | Subject to any Court rulings on specific objections Plaintiffs' request is **GRANTED**. Defendant's request is **DENIED**. Fed. R. Civ. P. 32(a)(4)(B). |

2

| Doc. No. | Request | Ruling |
|---|---|---|
|  | Defendant's Request: The Court should exclude deposition testimony of Ron Carlee & Brian Schweitzer. |  |
| 268; 271-12; 281 | Plaintiffs' Request: The Court should allow Plaintiffs to introduce deposition testimony of David Morris.<br><br>Defendant's Request: The Court should exclude deposition testimony of Dr. Morris. | The Court reviewed David Morris's deposition testimony and concludes based on the depositions that Defendant's request is **GRANTED**. Plaintiffs' request is **DENIED**. |
| 264; 268; 281 | Plaintiffs' Request: The Court should allow Plaintiff to introduce evidence dated before 2015, including specifically from Plaintiffs' exhibit list exhibits 14, 24, 43, 44, 10, 23, and 49, as background information supporting Plaintiffs' claims or as evidence showing a pattern and practice of discrimination.<br><br>Defendant's Request: The Court should exclude evidence of events prior to 2015, specifically documents related to the 2006-2014 promotional processes and seven comparator witnesses related to the promotional processes between 2009 and 2014. | Defendant's request is **GRANTED** subject to reconsideration at trial if the Plaintiffs persuade the Court that the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Plaintiff's request is **DENIED WITHOUT PREJUDICE**. Fed. R. Evid. 403. |

## II. DEFENDANT'S REQUESTS

| Doc. No. | Request | Ruling |
|---|---|---|
| 264 | The Court should not allow Plaintiff to introduce, admit into evidence, or otherwise refer to duplicative, repetitive, and/or cumulative evidence at trial. | Neither granted nor denied. Defendant fails to identify any specific witness or exhibit that is duplicative, repetitive, and/or cumulative. However, the Court will not waste the jury's time with duplicative, repetitive, and/or cumulative evidence. The Court will consider at trial any objections or requests to exclude specific testimony and exhibits. |
| 264; 271-12; 281 | The Court should exclude Plaintiffs' use of deposition transcripts from *Clumpner v. City of Charlotte*. | **GRANTED**. Plaintiffs did not file deposition transcript excerpts from *Clumpner v. City of Charlotte* as such the Court does not anticipate Plaintiffs introducing depositions from *Clumpner v. City of Charlotte*. The Court will consider at trial any objections or requests related to such deposition transcripts if Plaintiffs attempt to introduce such transcripts. |
| 264 | The Court should exclude the Motion for Summary Judgment filed in the *Clumpner v. City of Charlotte* case and the Complaint and the City's Answer from *Summers v. City of Charlotte*. | **GRANTED.** |
| 264 | The Court should not permit Plaintiff's counsel to make comments in front of the jury regarding her opinion that the City did not provide certain documents that were not questions to witnesses, but rather personal opinions and impressions. | Neither granted nor denied. Of course, personal opinions of lawyers are not permitted. The Court will not tolerate counsel for either party making inappropriate and/or potentially prejudicial comments, opinions, and/or impressions in front of the jury. |
| 264; 281 | The Court should exclude evidence regarding Title VII claims for which Plaintiffs failed to exhaust administrative remedies. | **DENIED**. The Court rejects Defendant's failure to exhaust argument related to the following Title VII claims: (1) Smith-Phifer's claims based on the 2015, 2018, and 2019 promotional processes; and (2) Patterson's claims based on the 2018 promotional process. *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019); *Walton v. Harker*, 33 F.4th 165, 175 (4th Cir. 2022); Fed. R. Civ. P. 8(c)(1); *Jones v. Bock*, 549 U.S. 199, 212 (2007). |

4

| Doc. No. | Request | Ruling |
|---|---|---|
| 264 | The Court should exclude any hearsay testimony, documents or other records. | Neither granted nor denied. Of course, hearsay is not admissible unless an exception applies. The Court will apply the Federal Rules of Evidence. |
| 264 | The Court should exclude any testimony from Plaintiff's expert witness Kurt Geisinger as it relates to Plaintiffs' claims before 2015 and after 2018. | **GRANTED**. |
| 264 | The Court should exclude testimony from Plaintiff's expert witness Dr. Moira Artigues. | **DENIED WITHOUT PREJUDICE**. Defendant fails to provide with any specificity the reasons that the Court should exclude Dr. Moira Artigues testimony. The Court will apply Federal Rule of Evidence 702 to any expert testimony. |
| 264 | The Court should exclude testimony from Plaintiffs' expert witnesses until a sufficient foundation for their expertise has been established and a sufficient factual foundation for the expert witnesses' opinions has been established. | Neither granted nor denied. The Court will apply Federal Rule of Evidence 702 to any expert testimony. |
| 264; 281 | The Court should exclude evidence of other cases of discrimination and retaliation levied against the Charlotte Fire Department, including but not limited to, any evidence related to claims made by Larkin Anderson, Lee Belton, Michael Clumpner, Kent Davis, Crystal Eschert, Larry Mackey, Shane Nantz, Marty Puckett, Tim Rogers, Greg Sharpe, or Willie Summers. | Defendant's request is **GRANTED** subject to reconsideration at trial if the Plaintiffs persuade the Court that the probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Plaintiff's request is **DENIED WITHOUT PREJUDICE**. Fed. R. Evid. 403.<br><br>Subject to the Court's ruling on any other objections made, this decision does not limit Plaintiffs from calling these witnesses for other reasons. |
| 264; 281 | The Court should exclude 14 potential witnesses that were not previously disclosed by Plaintiffs in either their Rule 26 Initial Disclosures or supplements Rule 26 disclosures. Those witnesses are: Pam Barkley, Kevin Coppage, Vicki Foster, Austin Nantz, Lee Belton, Nick Delacanal, Victoria Johnson, Glenn Jones, Tommy McClain, Gary McCormick, Jerry Newfarmer, Harry Peyton, Mechelle Price, and Greg Sharpe. | **DENIED** as to Nick Delacanal for the limited purpose of authenticating an exhibit. Fed. R. Civ. P. 37(c)(1); *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 3118 F.3d 592, 597 (4th Cir. 2003).<br><br>**DENIED** as to Kevin Coppage, Vicki Foster, Austin Nantz, Greg Sharpe, Victoria Johnson. Fed. R. Civ. P. |

| Doc. No. | Request | Ruling |
|---|---|---|
| | | 37(c)(1); *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 3118 F.3d 592, 597 (4th Cir. 2003).<br><br>**GRANTED** as to Lee Belton, Glenn Jones, Tommy McClain, Gary McCormick, Harry Peyton, Mechelle Price, Pam Barkley, and Jerry Newfarmer to the extent Plaintiffs seek to call these witnesses during their case-in-chief. Fed. R. Civ. P. 37(c)(1); *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 3118 F.3d 592, 597 (4th Cir. 2003). |
| 264; 281 | The Court should exclude testimony from two former City of Charlotte attorneys. | **RESERVE RULING**. The Plaintiffs shall not call these witnesses until further argument before the Court and the Court's ruling. The Court notes that the proponent of the attorney-client privilege bears the burden to demonstrate its applicability. *See Hawkins v. Stables*, 148 F.3d 379, 382-83 (4th Cir. 1998). |
| 264; 281 | The Court should exclude all newspaper articles and news stories. | **RESERVE RULING**. Plaintiffs assert that they intend to admit a single exhibit that is a recording or interview the Fire Chief. The Court is willing to complete an in camera review of the interview if Plaintiffs submit it for the Court's review. Plaintiffs are not permitted to introduce the interview without further review and ruling from the Court due to potential prejudice, confusing the issues, and misleading the jury pursuant to Fed. R. Evid. 403. |
| 264 | The Court should not permit Plaintiff to broadly and generally state in front of the jury that documents are missing, lost, or have been destroyed, but should only be allowed to discuss documents or information actually missing that are relevant to Plaintiff's claims. | **GRANTED**. The Court will issue an adverse inference instruction on the relevant lost or destroyed responsive documents. The Court will consider any objections to exclude comments made by Plaintiffs and their counsel as they arise. However, the Court will not tolerate counsel for either party making inappropriate and/or potentially prejudicial comments, opinions, and/or impressions in front of the jury. |

| Doc. No. | Request | Ruling |
|---|---|---|
| 264; 281 | The Court should exclude evidence of front pay and back pay before the jury. | **GRANTED**. |
| 264; 281 | The Court should exclude the Court's discovery orders, Memorandum & Recommendation, and the Order Adopting the Memorandum & Recommendation. Additionally, the Court should not allow Plaintiff to reference, allude to, address during voir dire, or introduce or elicit testimony or evidence of any objections stated in any of the City's written responses to discovery. | **GRANTED IN PART AND DENIED IN PART**, as to the Court's Orders pursuant to Fed. R. Evid. 401 & 403. The Court will consider any objections made during trial as to the City's discovery responses if they arise. |

## III. PLAINTIFFS' REQUESTS

| Doc. No. | Request | Ruling |
|---|---|---|
| 268 | The Court should exclude Aaron Phifer's Complaint, his claims, and his deposition testimony. | **GRANTED**. |
| 268 | The Court should allow Plaintiff to introduce deposition testimony of Former Fire Chief Jon Hannan. | **DENIED WITHOUT PREJUDICE**. The Court will allow the use of Chief Hannan's deposition testimony if Chief Hannan does not appear and comply with the trial subpoena. |
| 268 | The Court should exclude evidence of the reasons Defendant did not promote Plaintiffs or the reasons why it selected other candidates for promotions. | **DENIED WITHOUT PREJDUICE**. The Court will consider at trial any objections or requests to exclude specific testimony and exhibits. |
| 268 | The Court exclude Defendant from arguing that it investigated Plaintiff Smith-Phifer's July 1, 2016 discrimination complaint, March 2, 2017 grievance, and June 30, 2018 complaint; and Plaintiff Patterson's May 12, 2016 grievance and June 1, 2018 grievance. | **DENIED WITHOUT PREJDUICE**. The Court will consider at trial any objections or requests to exclude specific testimony and exhibits. |

**SO ORDERED.**

Signed: November 3, 2022

Robert J. Conrad, Jr.
United States District Judge