UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00612-RJC-DSC

| LANCE PATTERSON, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **Order** |
| CITY OF CHARLOTTE, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on the Parties' motions in limine and the Court's prior Order on the Parties' motions in limine. (Doc. Nos. 263, 267, & 285).

This matter consists of four separate actions filed by five plaintiffs asserting, among other things, race discrimination in the Charlotte Fire Department. The Court consolidated the actions for purposes of discovery. Joint-Plaintiffs Smith-Phifer and Patterson's jury trial was scheduled to begin on November 7, 2022. Before trial, the Court ruled on the Parties' motions in limine. (Doc. No. 285). On the Friday before trial, both Plaintiffs filed a motion to continue the trial due to Plaintiff Patterson's medical issue. The Court granted the motion to continue as to Patterson and denied the motion to continue as to Plaintiff Smith-Phifer.

As scheduled, Plaintiff Smith-Phifer's jury trial began on November 7, 2022, which was ultimately resolved after numerous days without further need from the Court or jury. After observing the testimony and evidence at Plaintiff Smith-Phifer's trial, in the interest of providing the parties with the Court's rulings ahead of trial, the Court makes the following amendments to its previous Order (Doc. No. 285) on the Parties' motions in limine. The Court's rulings in the Court's previous Order (Doc. No. 285) will continue to apply in Plaintiff Patterson's case to the

1

extent they are not amended herein. Below the Court lists the Parties' relevant filings by docket number, a summary of the request, and the Court's amended ruling.

The Court strongly encourages the Parties to stipulate to any exhibits in which the authenticity is not reasonably in dispute and to file such stipulation on the first day of trial.

## I. OVERLAPPING REQUESTS

| Doc. No. | Request | Ruling |
|---|---|---|
| 264; 268 | Plaintiffs' Request: The Court should rule that Plaintiffs' expert Dr. Kurt Geisinger is qualified to provide expert opinion testimony regarding his statistical analysis of the promotional process utilized by Defendant in the 2015-2018 battalion chief promotional processes.<br><br>Defendant's Request: The Court should exclude testimony from Plaintiffs' expert witness Kurt Geisinger to the extent it is not based on sufficient facts or data, his report is not the product of reliable principles and methods, he failed to reliably apply the principles to the facts of this case, or it otherwise does not satisfy Fed. R. Evid. 702. | Plaintiff's request is **DENIED**. Defendant's request is **GRANTED**. See Doc. No. 310. |
| 264; 268; 281 | Plaintiffs' Request: The Court should take judicial notice of demographic information for the City of Charlotte based on census data from the United States Census Bureau.<br><br>Defendant's Request: The Court should exclude demographic and diversity data including U.S. Census Bureau data regarding race in Charlotte from 2010 and 2020. | Plaintiff's request is **GRANTED IN PART**, if presented in a manner consistent with *Carter v. Ball*, 33 F.3d 450 (4th Cir.1994). Defendant's request is **DENIED WITHOUT PREJUDICE**. The Court will take judicial notice of relevant United States Census Bureau information presented by Plaintiffs at trial. *Carter v. Ball*, 33 F.3d 450 (4th Cir.1994); *Luh v. J.M. Huber Corp.*, 211 Fed. App'x 143 (4th Cir. 2006); s*ee also United States v. Cecil*, 836 F.2d 1431, 1452 (4th Cir. 1988); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571-72 (5th Cir. 2011). |
| 264; 268; 281 | Plaintiffs' Request: The Court should allow Plaintiffs to introduce deposition testimony of Ron | As to Ron Carlee's deposition, Plaintiff's request is **DENIED**. |

2

| Doc. No. | Request | Ruling |
|---|---|---|
|  | Carlee and Sheila Simpson from *Eschert v. City of Charlotte*.<br><br>Defendant's Request: The Court should exclude deposition testimony, trial transcripts from *Eschert v. City of Charlotte*. | Defendant's request is **GRANTED**. After hearing the presentation of Ron Carlee's depositions in Plaintiff Smith-Phifer's trial in the context of her claims, the Court finds the entirety of the testimony irrelevant. Any minimal relevance the testimony may have is substantially outweighed by unfair prejudice, confusing the issues, and wasting time. Fed. R. Evid. 401; Fed. R. Evid. 407; Fed. R. Evid. 403.<br><br>Additionally, after hearing the testimony at Smith-Phifer's trial, the Court will not permit testimony related to or any inquiry from any witnesses into the Management Partners' work. After hearing the testimony at Smith-Phifer's trial, the Court concludes the testimony is inadmissible as a subsequent remedial measure. Fed. R. Evid. 407.<br><br>As to Sheila Simpson's deposition, Plaintiff's request is **DENIED**. Defendant's request is **GRANTED**. If Sheila Simpson is available to testify, the Court will not permit the use of her repetitive and cumulative deposition testimony while also requiring the jury to sit through her lengthy trial testimony. Fed. R. Evid. 611. If Sheila Simpson is not available to testify at the trial, the Court may reconsider this ruling. |
| 268; 271-12 | Plaintiffs' Request: The Court should allow Plaintiffs to introduce deposition testimony of Ron Carlee and Brian Schweitzer.<br><br>Defendant's Request: The Court should exclude deposition testimony of Ron Carlee & Brian Schweitzer. | As to Ron Carlee's deposition, for the reasons detailed above, Plaintiff's request is **DENIED**. Defendant's request is **GRANTED**. Fed. R. Evid. 401; Fed. R. Evid. 407; Fed. R. Evid. 403.<br><br>As to Brian Schweitzer, subject to any Court rulings on specific objections, Plaintiff's request is **GRANTED**. |

| Doc. No. | Request | Ruling |
|---|---|---|
| | | Defendant's request is **DENIED**. Fed. R. Civ. P. 32(a)(4)(B). |
| 264; 268; 281 | <u>Plaintiffs' Request</u>: The Court should allow Plaintiff to introduce evidence dated before 2015, including specifically from Plaintiffs' exhibit list exhibits 14, 24, 43, 44, 10, 23, and 49, as background information supporting Plaintiffs' claims or as evidence showing a pattern and practice of discrimination.<br><br><u>Defendant's Request</u>: The Court should exclude evidence of events prior to 2015, specifically documents related to the 2006-2014 promotional processes and seven comparator witnesses related to the promotional processes between 2009 and 2014. | Defendant's request is **GRANTED IN PART** and Plaintiff's request is **GRANTED IN PART**. After hearing the presentation of evidence in Plaintiff Smith-Phifer's trial in the context of her claims, the Court will permit Plaintiff to present evidence related only to the Battalion Chief promotional processes, including the handling of complaints and grievances related to the Battalion Chief promotional processes, beginning in 2007. Fed. R. Evid. 401; Fed. R. Evid. 403. |

## II. DEFENDANT'S REQUESTS

| Doc. No. | Request | Ruling |
|---|---|---|
| 264 | The Court should exclude any testimony from Plaintiff's expert witness Kurt Geisinger as it relates to Plaintiffs' claims before 2015 and after 2018. | **GRANTED**. See Doc. No. 310. |
| 264 | The Court should exclude testimony from Plaintiff's expert witness Dr. Moira Artigues. | The Court's ruling on the exclusion of Dr. Moira Artigues at the Smith-Phifer trial will also apply in Plaintiff Patterson's trial. Written order to follow. |
| 264 | The Court should exclude testimony from Plaintiffs' expert witnesses until a sufficient foundation for their expertise has been established and a sufficient factual foundation for the expert witnesses' opinions has been established. | See the Court's ruling on Plaintiff's expert witnesses above. |
| 264; 281 | The Court should exclude 14 potential witnesses that were not previously disclosed by Plaintiffs in either their Rule 26 Initial Disclosures or supplements Rule 26 disclosures. Those witnesses are: Pam Barkley, Kevin Coppage, Vicki Foster, Austin Nantz, Lee Belton, Nick Delacanal, Victoria Johnson, Glenn Jones, Tommy McClain, Gary McCormick, Jerry Newfarmer, Harry Peyton, Mechelle Price, and Greg Sharpe. | The Court's ruling remains the same except as to Nick Delacanal for the limited purpose of authenticating an exhibit. See Doc. No. 285. |
| 264; 281 | The Court should exclude all newspaper articles and news stories. | **GRANTED**. Plaintiffs asserted that they intended to admit a single exhibit that is a recording or interview with the Fire Chief. After conducting an in camera review of the interview, the Court finds the statements in the interview are irrelevant to Plaintiff Patterson's claims. Fed. R. Evid. 401; Fed. R. Evid. 403. |

**SO ORDERED.**

Signed: November 18, 2022

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge