UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00612-RJC-DSC

| | |
|---|---|
| LANCE PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHARLOTTE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** is before the Court on the City of Charlotte's Motion in Limine (Doc. No. 263) and the Court's prior order on the parties' motions in limine (Doc. No. 285).

### I. BACKGROUND

This matter consists of four separate actions filed by five plaintiffs asserting, among other things, race discrimination in the Charlotte Fire Department. The Court consolidated the actions for purposes of discovery. Joint-Plaintiffs Smith-Phifer and Patterson's jury trial was scheduled to begin on November 7, 2022. In connection with the trial, the Court ruled on various motions in limine, including the City's request to exclude the testimony of Dr. Moira Artigues (the Plaintiffs' expert), which the Court denied without prejudice. On the Friday before trial, both Plaintiffs filed a motion to continue the trial due to Patterson's medical issue. The Court granted the motion as to Patterson but denied it as to Smith-Phifer.

As scheduled, Smith-Phifer's trial began on November 7, 2022. During Smith-Phifer's case-in-chief, she called Dr. Artigues to testify about the emotional distress that Smith-Phifer

allegedly endured. At that time, the City made a motion to exclude Dr. Artigues from testifying. Concluding that the testimony would not be helpful to the jury, the Court granted the City's motion. After observing the testimony and evidence at Smith-Phifer's trial, and in the interest of providing the parties with the Court's ruling ahead of Patterson's trial, the Court will now address the admissibility Dr. Artigues's testimony.

## II. DISCUSSION

The Court, exercising its "gatekeeping function," finds it appropriate to exclude Dr. Artigues's reports and testimony because they are not helpful to the jury under Rule 702(a). *United States v. Crisp*, 324 F.3d 261, 265 (4th Cir. 2003). Rule 702 sets out admissibility requirements for expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. To determine the admissibility of expert testimony under Rule 702, courts apply a two-prong test: "(1) the expert testimony must consist of 'scientific knowledge'—that is, the testimony must be supported by appropriate validation; *and* (2) the evidence or testimony must 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *United States v. Dorsey*, 45 F.3d 809, 813 (4th Cir. 1995) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589–90 (1993)). Expert testimony is not helpful to the jury if it concerns "a matter which obviously is within the common knowledge of jurors." *Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir. 1986); *see also* 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's*

2

Case 3:18-cv-00612-RJC-DSC   Document 323   Filed 11/22/22   Page 2 of 4

*Federal Evidence* § 702.03[2] (Mark S. Brodin, ed., Matthew Bender 2d ed. 2022) ("Expert testimony is generally not permitted concerning factual issues that are within the knowledge and experience of ordinary lay people . . . ."); 29 Victor J. Gold, *Federal Practice and Procedure (Wright & Miller)* § 6265.2 (2d ed. Apr. 2022 update) ("[E]xpert testimony does not help where the jury has no need for an opinion because the jury can easily reach reliable conclusions based on common sense, common experience, the jury's own perceptions, or simple logic."). "Expert psychological testimony," in particular, "often poses serious admissibility questions." *Wright & Miller*, *supra*, § 6265.4. Accordingly, "the courts have broad discretion to determine when testimony from psychology experts will help the trier of fact." *Id.*

Here, Dr. Artigues's testimony will not help the jury because distress is a commonly experienced emotion that is within the jurors' common-sense understanding. *See El-Meswari v. Wash. Gas Light Co.*, 785 F.2d 483, 487 (4th Cir. 1986) ("The district court, concluding that the jury could assess the mother's inner grief without expert guidance, excluded Dr. Ommaya's testimony on that point. This decision represented a reasonable exercise of the trial judge's broad discretion under Federal Rule of Evidence 702 to determine that a proposed expert will not significantly assist the arbiter of fact."); *Carter v. United States*, 2014 WL 3895751, *4 (E.D. Va. Aug. 8, 2014) ("Tecala's testimony adds little in the way of new information that could not be provided through testimony from the Plaintiff and her daughter. The Court acknowledges the impact and pain caused by Mr. Carter's death, but believes that Plaintiff and her daughter can adequately testify to how the accident affected them.").

The testimony is also inadmissible under Rule 403. *See Dorsey*, 45 F.3d at 813 (explaining that, when deciding "whether the evidence will be helpful to the trier of fact," a district court "must be mindful of other evidentiary rules, such as [Rule] 403"); *Scott*, 789 F.2d at 1055 ("Trouble is

3

encountered only when the evaluation of the commonplace by an expert witness might supplant a jury's independent exercise of common sense. . . . This, however, does not seem to be an inquiry under Rule 702, but rather a necessary, independent inquiry under Rule 403 to exclude evidence which is prejudicial."); *see also Weinstein's Federal Evidence*, *supra*, § 702.03[2] (stating that "[t]rial courts need to be mindful" of the "powerful and potentially misleading effect of expert testimony"). Rule 403 allows the Court to exclude evidence "if its probative value is substantially outweighed by a danger" of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. As explained above, the testimony has no probative value because it concerns a universally felt emotion. At the same time, the testimony's scientific appearance could unduly influence the jury, and there is a risk that it could even substitute for Patterson's testimony. Accordingly, it will be excluded under both Rule 702 and Rule 403.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the City of Charlotte's Motion in Limine (Doc. No. 263) is **GRANTED** as to Dr. Artigues's testimony.

Signed: November 22, 2022

Robert J. Conrad, Jr.
United States District Judge