UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00612-RJC-DSC

| LANCE PATTERSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | **Order** |
| CITY OF CHARLOTTE, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court on the Defendant City of Charlotte's Request for Clarification and Supplemental Motions in Limine (the "Motion"). (Doc. No. 315).

This matter consists of four separate actions filed by five plaintiffs asserting, among other things, race discrimination in the Charlotte Fire Department. The Court consolidated the actions for purposes of discovery. Joint-Plaintiffs Smith-Phifer and Patterson's jury trial was scheduled to begin on November 7, 2022. Before trial, the Court ruled on the Parties' motions in limine. (Doc. No. 285). On the Friday before trial, both Plaintiffs filed a motion to continue the trial due to Plaintiff Patterson's medical issue. The Court granted the motion to continue as to Patterson and denied the motion to continue as to Plaintiff Smith-Phifer.

As scheduled, Plaintiff Smith-Phifer's jury trial began on November 7, 2022, which was ultimately resolved after numerous days without further need from the Court or jury. After observing the testimony and evidence at Plaintiff Smith-Phifer's trial, in the interest of providing the parties with the Court's rulings ahead of trial, the Court amended some of its rulings in the original Order (Doc. No. 285) on the Parties' motions in limine. (Doc. No. 311). Thereafter,

Defendant filed the Motion requesting clarification as to the Court's ruling and asking the Court to exclude additional witnesses.

First, Defendant originally filed a motion in limine asking the Court to exclude evidence of events prior to 2015, and specifically the 2006 to 2014 promotional processes. The Court ruled, in its amended Order, that Plaintiff may present evidence related only to the Battalion Chief promotional processes, including the handling of complaints and grievances related to the Battalion Chief promotional processes, beginning in 2007. (Doc. No. 311). Defendant now requests the Court exclude this evidence or testimony regarding processes prior to 2011, because Plaintiff Patterson did not participate in the Battalion Chief promotional processes prior to 2011. The Court will permit a limited inquiry into the Battalion Chief promotional processes prior to 2011, to establish the changes in the promotional processes and processes for handling grievances and complaints related to the Battalion Chief promotional processes, offered to prove a discriminatory basis for such changes to the extent the changes are relevant to the 2015 to 2019 promotional processes and/or handling of grievances related to the same. The Court will give a limiting instruction that the evidence is being offered for that purpose, and that Defendant is not on trial for any alleged discrimination in the Battalion Chief promotional processes prior to 2015. As noted, the Court will only allow a limited inquiry to avoid evidence that is cumulative, confusing, and a waste of time. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 611.

Next, after the Court excluded Plaintiff's expert witness Dr. Geisinger, Defendant requests the Court prevent Plaintiff from calling Defendant's expert witness, Dr. Locklear, or introducing her reports. The Defendant does not intend to call Dr. Locklear. Courts take different approaches when considering whether to allow a party to call the opposing party's witness during their case-in-chief. *See House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236 (N.D. Ia. 1996) (noting three

different standards that courts have applied when considering whether a party to call an opposing party's witness). Ultimately, the decision is within the discretion of the district court, "to control the mode and order of examining witnesses and presenting evidence, and [the court] is instructed to exercise this discretion in order to (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." *Labat v. Rayner*, No. 20-447, 2022 WL 1442982, at *2 (E.D. La. May 4, 2022).

Here, the Court, in its discretion, will not allow Plaintiff to call Defendant's expert Dr. Locklear. Plaintiff will "receive a windfall of expert testimony if permitted to call Defendant['s] expert[] in [his] case-in-chief." *Id.* As one court recently explained:

> One of the hardest things in litigation is finding a good expert. It is a skill that must be learned and often takes a lot of time. Many plaintiffs' lawyers expend their own time without immediate compensation for their efforts. Lawyers often develop close relationships with experts that can last well beyond that case and often surpass multiple cases and years. It violates the principle of protecting an attorney's work if the opponent can call that witness as its own witness. The other side is getting something for free . . . the opponent should have to show exceptional circumstances to benefit from the other side's work. Such free loading is inconsistent with the Anglo-American adversarial system and with the American rule, which leaves attorney fees with the parties.

*Rawers v. United States*, 488 F. Supp. 1059, 1084 n.29 (D.N.M. 2020). Defendant would be prejudiced by allowing Plaintiff to call Dr. Locklear because Plaintiff would "piggyback on another party's trial preparation," it would confuse the jury, and due to the potential for the jury to learn Dr. Locklear is Defendant's expert. *Labat*, 2022 WL 1442982, at *2. Dr. Locklear was retained by Defendant as an expert in this case. Dr. Locklear may be privy to Defendant's privileged or work product information and materials, or Defendant's trial preparation and strategy. Additionally, Dr. Locklear's work is at least in part intertwined with the Dr. Geisinger's opinions, which this Court already excluded. Finally, Defendant would be significantly prejudiced if the jury were to learn that Dr. Locklear was an expert retained by Defendant, but that Plaintiff

was calling Dr. Locklear on his case-in-chief. For these reasons, the Court will not allow Plaintiff to call Dr. Locklear as an expert witness in his case-in-chief. *Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408 (D. Minn. 1999) (concluding plaintiff was not permitted to call defendant's expert during her case-in-chief due to the danger of prejudice).

Finally, Defendant asks the Court to exclude a number of witnesses from testifying at trial. As an initial matter, the Court expects and assumes the authenticity of documents that the Parties stipulated to in Plaintiff Smith-Phifer's trial will be stipulated to again alleviating the need to call witnesses solely for the purpose of authentication. The Court provides its ruling to each witness below.

| Witness Defendant Requests to Exclude | Ruling |
|---|---|
| **Michael Clumpner** | **GRANTED IN PART**. The Court reviewed Plaintiff's proffer of Michael Clumpner, and based on that proffer, Plaintiff may call Michael Clumpner to testify only about his personal knowledge and observations of the 2015 to 2019 Battalion Chief promotional processes. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 611. However, the Court may reconsider this ruling if it determines on its own motion or on Defendant's motion that the testimony would be cumulative, confusing, or waste the jury's time. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 611.<br><br>The Court's prior ruling continues to apply in Plaintiff Patterson's trial regarding the exclusion of Clumpner's testimony about his own claims of discrimination and retaliation against the Charlotte Fire Department. Doc. No. 285. |
| **Austin Faulk Nantz** | **GRANTED IN PART**. The Court reviewed Plaintiff's proffer of Austin Nantz, and based on that proffer, Plaintiff may call Austin Nantz to testify only to establish changes in the Battalion Chief promotional process and personal knowledge as to the state of mind of relevant decisionmakers. However, the Court will only allow a limited inquiry and may reconsider this ruling if it determines on its own motion or on Defendant's motion that the testimony would be cumulative, confusing, waste the jury's time or prejudicial. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 611. The Court will also give appropriate limiting instructions. |
| **Shane Nantz** | **GRANTED IN PART**. The Court reviewed Plaintiff's proffer of Shane Nantz, and based on that proffer, Plaintiff may call Shane Nantz to testify only about his personal knowledge and observations of relevant |

| Witness Defendant Requests to Exclude | Ruling |
|---|---|
| | comparators. However, the Court will only allow a limited inquiry and may reconsider this ruling if it determines on its own motion or on Defendant's motion that the testimony would be cumulative, confusing, or waste the jury's time. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 611.<br><br>The Court's prior ruling continues to apply in Plaintiff Patterson's trial regarding the exclusion of Shane Nantz's testimony about his own claims of discrimination and retaliation against the Charlotte Fire Department. Doc. No. 285. |
| **Marty Puckett** | **GRANTED IN PART**. The Court reviewed Plaintiff's proffer of Marty Puckett, and based on that proffer, Plaintiff may call Marty Puckett to testify only about his personal knowledge of the changes in the testing security processes for the Battalion Chief promotional processes specifically; his observations of Plaintiff's state of mind and emotional distress, if any; and his personal knowledge and observations of the 2015 to 2019 Battalion Chief promotional processes. However, the Court may reconsider this ruling if it determines on its own motion or on Defendant's motion that the testimony would be cumulative, confusing, or waste the jury's time. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 611.<br><br>The Court's prior ruling continues to apply in Plaintiff Patterson's trial regarding the exclusion of Marty Puckett's testimony regarding his own claims of discrimination and retaliation against the Charlotte Fire Department. Doc. No. 285. |
| **Kim Sanders** | **GRANTED**. The Court reviewed Plaintiff's proffer of Kim Sander's testimony, and based on Plaintiff's proffer, the Court will exclude Kim Sander's testimony. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 611. The Court expects and assumes the authenticity of documents that the parties stipulated to in Plaintiff Smith-Phifer's trial will, before trial begins, be stipulated to again in Plaintiff Patterson's trial alleviating the need to call witnesses solely for authenticating documents. If that does not occur, the Court will reconsider this ruling. |
| **Larkin Anderson** | **GRANTED IN PART**. The Court reviewed Plaintiff's proffer of Larkin Anderson's testimony, and based on that proffer, Plaintiff may call Larkin Anderson to testify about his personal knowledge and observations of Patterson's efforts to share the group's concerns and demands with the City Manager's office. Anderson may not testify as to the specifics of the group's concerns or grievances, but only generally as to their existence and Patterson's involvement in sharing the concerns or grievances. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 611.<br><br>The Court's prior ruling continues to apply in Plaintiff Patterson's trial regarding the exclusion of Larkin Anderson's testimony regarding his own |

| Witness Defendant Requests to Exclude | Ruling |
|---|---|
| | claims of discrimination and retaliation against the Charlotte Fire Department. Doc. No. 285. |
| Tom Brewer | **GRANTED**. The Court reviewed Plaintiff's proffer of Tom Brewer's testimony, and based on Plaintiff's proffer, the Court will exclude Tom Brewer's testimony. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 408; Fed. R. Evid. 611. |
| Catherine Cooper | **GRANTED**. The Court reviewed Plaintiff's proffer of Catherine Cooper's testimony, and based on that proffer, the Court will exclude Catherine Cooper's testimony. Fed. R. Evid. 401; Fed. R. Evid. 403. |
| Kevin Coppage | **GRANTED IN PART**. The Court reviewed Plaintiff's proffer of Kevin Coppage, and based on that proffer, Plaintiff may call Kevin Coppage to testify about his observations and experiences serving as an assessor for the Charlotte Fire Department for the 2018 Battalion Chief Promotional Process. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 611. |
| Vicki Foster | **GRANTED**. The Court reviewed Plaintiff's proffer of Vicki Foster's testimony, and based on Plaintiff's proffer, the Court will exclude Vicki Foster's testimony. Fed. R. Evid. 401; Fed. R. Evid. 403. |
| Rusty Garrison | **GRANTED IN PART**. The Court reviewed Plaintiff's proffer of Rusty Garrison, and based on that proffer, Plaintiff may call Rusty Garrison for his personal knowledge and observations of Patterson's performance at fires as a Captain and serving as an assessor for Battalion Chief promotional processes Patterson participated in, if any. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 611. |
| Scott Hunter, Jr. | **GRANTED**. See Doc. No. 322. |
| Dr. Toni Locklear | **GRANTED**. See above. |
| Corine Mack | **GRANTED**. The Court reviewed Plaintiff's proffer of Corine Mack's testimony, and based on Plaintiff's proffer, the Court will exclude Corine Mack's testimony. Fed. R. Evid. 401; Fed. R. Evid. 403. |
| Larry Mackey | **GRANTED IN PART**. The Court reviewed Plaintiff's proffer of Larry Mackey, and based on that proffer, Plaintiff may call Larry Mackey only for testimony of his own personal knowledge and observations of discrimination against Plaintiff by the decisionmakers in the 2015 to 2018 Battalion Chief promotional processes, if any. Additionally, Plaintiff may call Larry Mackey to testify about his personal observations and experiences of manipulation and exclusion by decisionmakers and HR for the Battalion Chief promotional processes in which Patterson participated in, if any. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 611.<br><br>The Court's prior ruling continues to apply in Plaintiff Patterson's trial regarding the exclusion of Larry Mackey's testimony regarding his own claims of discrimination and retaliation against the Charlotte Fire Department. Doc. No. 285. |
| Garry McCormick | **GRANTED**. The Court reviewed Plaintiff's proffer of Gary McCormick's testimony, and based on Plaintiff's proffer, the Court will |

| Witness Defendant Requests to Exclude | Ruling |
|---|---|
| | exclude Gary McCormick's testimony. Fed. R. Evid. 401; Fed. R. Evid. 403.<br><br>The Court's prior ruling excluding Garry McCormick's testimony also continues to apply in Plaintiff Patterson's trial. Doc. No. 285. |
| **Randy Moulton** | **GRANTED**. The Court reviewed Plaintiff's proffer of Randy Moulton's testimony, and based on Plaintiff's proffer, the Court will exclude Randy Moulton's testimony. Fed. R. Evid. 401; Fed. R. Evid. 403. |
| **Jeff Phifer** | **GRANTED IN PART**. The Court reviewed Plaintiff's proffer of Jeff Phifer's testimony, and based on Plaintiff's proffer, the Court will allow Jeff Phifer to testify only about his personal knowledge and observations, if any, of Daracus Newman as an assessor for the 2018 Battalion Chief promotional process. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 611. |
| **Tim Robinette** | **GRANTED IN PART**. The Court reviewed Plaintiff's proffer of Tim Robinette's testimony, and based on Plaintiff's proffer, the Court will allow Tim Robinette to testify only as to his personal knowledge and observations of the 2015 Battalion Chief promotional process and as a comparator. However, the Court may reconsider this ruling if it determines on its own motion or on Defendant's motion that the testimony would be cumulative, confusing, or waste the jury's time. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 611. |
| **Greg Sharpe** | **GRANTED**. The Court reviewed Plaintiff's proffer of Greg Sharpe's testimony, and based on Plaintiff's proffer, the Court will exclude Greg Sharpe's testimony. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 611.<br><br>The Court's prior ruling also continues to apply in Plaintiff Patterson's trial regarding the exclusion of Greg Sharpe's testimony regarding his own claims of discrimination and retaliation against the Charlotte Fire Department. Doc. No. 285. |
| **Will Summers Jr.** | **GRANTED IN PART**. The Court's prior ruling continues to apply in Plaintiff Patterson's trial regarding the exclusion of Will Summers Jr.'s testimony regarding his own claims of discrimination and retaliation against the Charlotte Fire Department. Doc. No. 285. |
| **Anne Wall** | **GRANTED**. See Doc. No. 322. |
| **Jason Warren** | **GRANTED**. The Court reviewed Plaintiff's proffer of Jason Warren's testimony, and based on Plaintiff's proffer, the Court will exclude Jason Warren's testimony. Fed. R. Evid. 401; Fed. R. Evid. 403; Fed. R. Evid. 611. |
| **Jerry Winkles** | **GRANTED**. The Court reviewed Plaintiff's proffer of Jerry Winkles' testimony, and based on Plaintiff's proffer, the Court will exclude Jerry Winkles' testimony. Fed. R. Evid. 401; Fed. R. Evid. 403. |

**SO ORDERED.**

Signed: November 23, 2022

Robert J. Conrad, Jr.
United States District Judge