UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00612-RJC-DSC

| | |
|---|---|
| WILL SUMMERS JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Order** |
| CITY OF CHARLOTTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff Will Summers, Jr.'s Motion for Attorneys' Fees (the "Motion") (Doc. No. 243) and the Court's prior Order granting in part his Motion (Doc. No. 283).

## I. BACKGROUND

Plaintiff Will Summers, Jr. ("Plaintiff") filed this action in 2018 alleging race discrimination and retaliation in the Charlotte Fire Department. Defendant removed the action to this Court, and it was consolidated with three other actions for purposes of discovery. On June 28, 2022, soon before Plaintiff's trial, Defendant made an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68, which Plaintiff accepted. (Doc. No. 238). Thereafter, Plaintiff filed his Motion for Attorneys' Fees seeking $176,748.27 for fees and costs. Defendant opposed the Motion. (Doc. Nos. 243, 248, 249, 250). The Court granted the Motion in part, concluding that Plaintiff is entitled to costs including attorneys' fees. (Doc. No. 283). The Court took under advisement what amount of attorneys' fees is reasonable. (Doc. No. 283).

## II. DISCUSSION

1

An award of attorneys' fees and the amount awarded is within the district court's discretion. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). The starting point is to determine the lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.*; *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The lodestar amount is presumptively reasonable but may be adjusted based on the circumstances of the case." *Coles v. Land's Towing and Recovery, Inc.*, No. 3:10–CV–00025, 2010 WL 5300892, at *2 (E.D. Va. Dec. 22, 2010). "To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974)." *Hensley*, 461 U.S. at 433; *Randolph v. Powercomm Construction, Inc.*, 715 Fed. App'x 227, 230 (4th Cir. 2017) (unpublished). The *Johnson* factors are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Id.* n.2.

"Billing judgment is an important component in fee setting" and "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1983). "The burden is on the party seeking attorney's fees to

2

submit sufficient evidence to support the hours worked and the rates claimed." *Hugee v. Kimso Apts., LLC*, 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012) (citing *Hensley*, 461 U.S. at 433).

Plaintiff seeks fees for roughly 788 hours of attorney and paralegal time on his claims. As noted, Plaintiff's case was consolidated with three other cases involving four other Plaintiffs, causing the time spent on his claims to be somewhat commingled with time spent on other Plaintiffs' claims. According to Plaintiff's counsel, to the extent possible, the fee request is associated with work related only to Plaintiff Summers's claims. For the fees in which her work related to all five Plaintiffs, the request is for fees for one-fifth of the time. For the fees in which the work related to the "promotional Plaintiffs" – Plaintiffs Summers, Smith-Phifer, and Patterson – the request is for one-third of the time. Plaintiff's counsel declares that she is not seeking (1) fees associated with the previous Motions for Attorneys' Fees, for which she reduced the fees requested by Plaintiff Summers's portion of that amount; (2) fees associated with unsuccessful motions; and (3) fees and costs incurred after the Offer of Judgment was served on June 28, 2022. (Doc. No. 245 ¶ 4). Thus, Plaintiff requests fees and other costs in the amount of $176,748.27[1], as follows:

| Description | Amount |
|---|---|
| Summers' Only Fees | $97,064.50 |
| 1/5 of All Plaintiffs' Fees ($334,779.50) | $66,955.90 |
| 1/3 of Promotional Plaintiffs' Fees ($33,309.00) | $11,103.00 |
| Summers' Only Costs | $14,144.77 |
| Less 1/5 of Previously Requested | ($11,979.90) |
| **Total** | **$177,288.27** |

---

[1] Plaintiff's original motion sought $177,288.27 in attorneys' fees and costs. However, in Plaintiff's reply he reduced this amount by $540, which was for time spent on a motion for which Plaintiff does not seek attorneys' fees. Thus, Plaintiff reduced the original $177,288.27 amount he is requesting to $176,748.27.

3

With this background, the Court considers the *Johnson* factors.

### A. First Factor: time and labor expended

Defendant argues the Court should reduce or deny Plaintiff's requested fee amount because the time spent on certain tasks is excessive, redundant, or otherwise unnecessarily billed time. Defendant points to (1) 24.1 hours preparing the initial complaint and another 69.3 hours preparing the amended complaint, including time researching and revising claims for which Defendant asserts is excessive; (2) over 100 hours responding to Defendant's motion for summary judgment, plus additional time for accompanying affidavits; (3) excessive time on discovery and initial disclosures; and (4) excessive time on the jury instructions, motions in limine, exhibit preparation, and other trial preparation.[2]

The Court recognizes that Plaintiff's counsel expended much time and labor in Plaintiff Summers's case. Plaintiff's counsel litigated the case for roughly four years, with a large amount of discovery and significant discovery disputes that Defendant repeatedly caused. However, having reviewed the time records, the Court finds the time records do show duplicative and excessive time entries. For example, the amount of time spent preparing the Complaint and Amended Complaint is excessive. Further, the records include a number of time entries for discussions with another Plaintiff in this case related to Plaintiff Summers's claims, and duplicative and excessive time entries related to preparing exhibits and other materials for trial. Additionally, based on a review of the record and the Court's own observations during this case,

---

[2] Defendant also argues that Plaintiff's counsel's motions includes fees for time related to the sanctions motions. However, Plaintiff's counsel clarifies that she reduced the amount of attorneys' fees requested by Plaintiff Summers's one-fifth amount of fees associated with those sanctions motions – $11,979.90. Additionally, as noted above, Plaintiff's counsel also reduced the total amount by $540, based on Defendant's response.

4

Plaintiff filed multiple unnecessarily voluminous witness and exhibit lists related to, among others, Plaintiff's Summer's claims, and those unnecessarily voluminous witness and exhibit lists undoubtedly caused excessive time spent on the trial preparation related to the same.[3] Based on these observations, this factor guides the Court to reduce the requested amount to account for excessive and unnecessary billing.

**B. Second and Third Factors: novelty and difficulty of the questions raised and the skill required to properly perform the legal services rendered**

Given Plaintiff counsel's experience, the Court does not find the legal subject matter novel or difficult nor the skill required to be significantly more than other employment litigation in federal court. Rather, Plaintiff brought claims under Title VII and other causes of actions asserting federal and state constitutional rights. The Court recognizes, though, that discovery in this case was complicated by the Defendant's noncompliance with Rules and Court Orders, and also that Plaintiff's counsel managed a large amount of materials and information associated with the Charlotte Fire Department and related promotional processes for a number of years. Yet, monetary sanctions related to discovery noncompliance have previously been assessed. Thus, the second and third factors are neutral in guiding the Court on the reasonableness of an award of attorneys' fee.

---

[3] Plaintiff's counsel filed an addendum arguing that the fee request is reasonable because a "simple spreadsheet [her firm received from the Defendant] . . . showed the monies [the Defendant] paid to its outside attorney, Kathleen Lucchesi, for work done on *Summers, et al v. City of Charlotte*" and when sorted "to show work performed for Plaintiff Willie Summers, the City paid a total of $430,370.16 through May 2022." (Doc. No. 250). This does not persuade the Court. The Defendant can agree to pay, by agreement with counsel, whatever amount it chooses, whether the Court would deem such amount reasonable or not. That agreement, and the hours spent or hourly rates charged by Defendant's counsel, does not dictate this Court's determination of what is reasonable. Additionally, lawyers or their clients may decide to spend hours above the amount the Court ultimately determines is reasonable. There may be internal standards of excellence adhered to, or client expectations, that push lawyers to do more rather than less in pursuing a successful outcome. But, here, the Court is tasked with determining reasonableness of the fee amount requested.

## C. Fourth Factor: attorney's opportunity costs in pressing the instant litigation

As noted above, litigating this case required a large amount of time and effort over a number of years, which Plaintiff's counsel may have instead devoted to other matters. Thus, the fourth factor guides the Court in Plaintiff's favor on the reasonableness of the requested amount.

## D. Fifth Factor: the customary fee for like work

Plaintiff's counsel requests the following hourly rate:[4]

| Individual | Hourly Rate |
|---|---|
| Margaret Maloney | $350/hour |
| Jennifer Spyker | $250/hour |
| Mitchell Davis | $220/hour |
| Melissa Hall, paralegal | $250/hour |

(Doc. No. 184-1). The Court previously found these amounts reasonable. Thus, the fifth factor guides the Court in Plaintiff's favor on the reasonableness of the requested amount.

## E. Eighth Factor: amount in controversy and the results obtained

Defendant argues the Court should consider that "Plaintiff obtained only partial recovery of the relief he sought," by providing the Court with settlement demands and discussions. (Doc. No. 248 at 16). However, the Court will not consider these settlement demands discussions for purposes of considering the success obtained in this matter. *See* Fed. R. Evid. 408. Thus, the eighth factor is neutral in guiding the Court on the reasonableness of an award of attorneys' fee.

## F. Ninth Factor: experience, reputation and ability of the attorney

---

[4] Although this table, an image from Plaintiff's counsel's affidavit, lists paralegal Melissa Hall's hourly rate as $250, other documents in support of the motion indicate that Ms. Hall's hourly rate is $150, which is consistent with the fee calculations and the amount this Court previously found reasonable. Additionally, it appears hourly rates in the earlier years of this case are less than those listed in the table herein, which are likewise reasonable.

Plaintiff's counsel are all qualified attorneys with significant experience handling employment law matters. However, as the Court expressed during Plaintiff Smith-Phifer's trial, counsels' inability to communicate across the aisle, demonstrated lack of professionalism on certain occasions, and tendency to put forth excessive or duplicative evidence put unnecessary strain on the justice system. The Court gleans from the submitted time records evidence from which it may reasonably infer, the same waste, duplication and excessiveness permeated the general handling of these related matters. Quality of counsel is offset by the misuse of talent. Thus, the ninth factor is neutral tending to adverse in guiding the Court on the reasonableness of an award of attorneys' fee.

### G. Tenth Factor: the undesirability of the case within the legal community in which the suit arose

Plaintiff's counsel believes there may be more risks associated with handling plaintiffs' side employment civil rights cases, particularly against municipalities; however, the Court does not find anything particularly undesirable about this case. (Doc. No. 184-1 ¶ 12). Thus, the tenth factor is neutral in guiding the Court on the reasonableness of an award of attorneys' fee.

### H. Twelfth Factor: attorneys' fees awards in similar cases

While the Court lessened the fees in prior sanctions motions, those fees were for limited discovery motions for all Plaintiffs, not fees for litigating an entire case for four years, including trial preparation. Thus, the twelfth factor is neutral in guiding the Court on the reasonableness of an award of attorneys' fee.

### I. Sixth, Seventh, and Eleventh Factors: attorney's expectations at the outset of the litigation, the time limitations imposed by the client or circumstances, and nature and length of the professional relationship between attorney and client

The sixth, seventh, and eleventh factors provide no guidance to the Court in determining the reasonableness of an award of attorneys' fees.

Based on these considerations, the Court largely finds Plaintiff's request for fees reasonable. However, due to the Court's observations related to the first and ninth *Johnson* factors, the Court will reduce Plaintiff's request by 25%, for a total award of fees and costs in the amount of $132,561.20 ($176,748.27 X .25 = $44,187.07; $176,748.27 - $44,187.07 = $132,561.20).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Attorneys' Fees (Doc. No. 243) is **GRANTED IN PART**;
2. Plaintiff is **AWARDED** $132,561.20 in reasonable attorneys' fees and costs which shall be paid directly to Plaintiffs' counsel within thirty (30) days of this Order.

**SO ORDEERED.**

Signed: December 5, 2022

Robert J. Conrad, Jr.
United States District Judge